**[DO NOT PUBLISH]**

# IN THE UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 9, 2005
THOMAS K. KAHN
CLERK

**No. 05-13304**
**Non-Argument Calendar**
_____

D. C. Docket No. 04-00475-CR-T-30-MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OSCAR BENANCIO CUERO,

Defendant-Appellant.

_____

**Appeal from the United States District Court**
**for the Middle District of Florida**
_____

**(December 9, 2005)**

**Before TJOFLAT, BLACK and BARKETT, Circuit Judges.**

**PER CURIAM:**

Oscar Benancio Cuero, the appellant, was one of eight crew members

aboard a fishing vessel the U. S. Navy intercepted outside the Columbian, S.A.,

fishing zone. The vessel was carrying 245 bales of cocaine, weighing

approximately 5,512 kilograms. Cuero and his fellow crew members were brought

to Tampa, Florida and indicted. Count One of the indictment charged them with

conspiracy to possess with intent to distribute five kilograms or more of cocaine

while aboard a vessel, in violation of 46 App. U.S.C. § 1903(j) and 21 U.S.C. §

960(b)(1)(B)(ii); Count Two charged them with possession of such quantity of

cocaine with intent to distribute, in violation of 46 App. U.S.C. § 1903(a) and 21

U.S.C. § 960(b)(1)(B)(ii).[1] Cuero pled guilty to both counts of the indictment, and

the court sentenced him under the Federal Sentencing Guidelines to concurrent

prison terms of 135 months.[2] He now appeals.

Cuero argues that he district court erred in determining the offense level

under the Guidelines; that is, the court should have reduced that level by two levels

under U.S.S.G. § 3B1.2 because he played only a minor role in the criminal

---

[1] Because Cuero's attorney was concerned whether Cuero was competent to stand trial, the court had Cuero examined by a psychiatrist. The psychiatrist found that Cuero had no mental infirmity that would impair his ability to understand the nature and consequences of the proceedings brought against him, had no need for psychiatric treatment, and was able to consult with his attorney in the preparation of his defense. The psychiatrist did say, though, that because Cuero did not comprehend English, he would need assistance in understanding the proceedings. The court subsequently found Cuero competent to stand trial.

[2] The court determined that the Guidelines prescribed a sentence range of 135-168 months' imprisonment for Cuero's offense level of 33 and a criminal history category of I.

2

activity. He supports his argument with the following: (1) he was the lowest member of the crew and merely followed the directions of his superiors, (2) he did not own the cocaine, was not an agent responsible for the planning and execution of its delivery in the United States, and was not a person of authority possessing any special skills, and (3) the crew members of the vessel were the least culpable members of the drug conspiracy, as compared to the drug owners, drug manufacturers, drug wholesalers, drug financiers, boat owners, the boat captain, those who refueled the boat, and the owners and operators of the speed boats that ultimately delivered the cocaine to its destination.

"This Court has long and repeatedly held that a district court's determination of a defendant's role in the offense is a finding of fact to be reviewed only for clear error." United States v. De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc).[3] Section 3B1.2 of the Sentencing Guidelines provides for a two-level decrease if the defendant was a minor participant in any criminal activity. U.S.S.G. § 3B1.2.

A defendant is a minor participant if he is less culpable than most other participants, but whose role cannot be described as minimal. U.S.S.G. §3B1.2,

---

[3] In United States v. Booker, 543 U.S. __, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the Supreme Court excised 18 U.S.C. § 3742(e), which established the standards of review on appeal. We have held, however, that pre-Booker standards for reviewing the district court's application of the Sentencing Guidelines, i.e., reviewing its findings of fact for clear error and questions of law de novo, still apply. United States v. Crawford, 407 F.3d 1174, 1177-78 (11th Cir. 2005).

3

comment. (n. 3). In determining a defendant's mitigating role in the offense, the district court "must measure the defendant's role against the relevant conduct for which [he] was held accountable at sentencing ... [and] may also measure the defendant's role against the other participants ... in the relevant conduct." De Varon, 175 F.3d at 945. "The defendant bears the burden of proving his minor role by a preponderance of the evidence." United States v. Boyd, 291 F.3d 1274, 1277 (11th Cir. 2002).

The record in this case supports the district court's finding that the relevant conduct of Cuero was not minor. With respect to the first prong of the DeVaron analysis, the court held Cuero accountable only for the possession of the 5,512 kilograms of cocaine. Therefore, his actual and relevant conduct were one and the same. Where a drug courier's relevant conduct is limited to his own criminal act, a district court may legitimately conclude that the courier played an important and essential role in that crime. See DeVaron, 175 F.3d at 942-43.

With respect to the second prong of the DeVaron analysis, there is insufficient evidence to show that Cuero was a minor participant in comparison to others. In determining whether a defendant was less culpable than others, "the district court should look to other participants only to the extent that they are identifiable or discernible from the evidence." Id. at 944. Here, the only persons

4

identifiable from the evidence are Cuero and the seven other crew members of the vessel. He says that there were other individuals involved, but has proffered no evidence supporting this claim. We have made clear that, "where the relevant conduct attributed to a defendant is identical to [his] actual conduct, [he] cannot prove that [he] is entitled to a [mitigating-role] adjustment simply by pointing to some broader criminal scheme in which [he] was a minor participant but for which [he] was not held accountable." Id. at 941. Additionally, Cuero has provided no evidence that he was less culpable than the other seven crew members. He claims that he was the "lowest member" of the crew, but he has provided no evidence showing that his responsibilities aboard the vessel were less vital to the enterprise than those of the other crew members, particularly the three that were also identified as only "crew members."

In sum, Cuero failed to establish that he played a mitigating role in the criminal enterprise. His sentences are therefore

**AFFIRMED.**