[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 4, 2006
THOMAS K. KAHN
CLERK

No. 05-10827
Non-Argument Calendar
_____

D. C. Docket No. 04-00437-CR-T-26TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTIAN BALERESO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 4, 2006)

Before BLACK, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Christian Balereso appeals his 135-month sentence, imposed after he pled guilty to possession of at least five kilograms of cocaine, with intent to distribute, while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. app. §§ 1903(a) and (g) and 21 U.S.C. § 960(b)(1)(B)(ii) (Count 1), and conspiracy to do the same, in violation of 46 U.S.C. app. §§ 1903(a), (g) and (j) and 21 U.S.C. § 960(b)(1)(B)(ii) (Count 2). On appeal, Balereso argues the district court erred by finding that he did not qualify for a minor-role adjustment under U.S.S.G. § 3B1.2 because he was only a "mule" on the vessel and was unaware of how much cocaine was on the boat, which was loaded before he boarded. Balereso argues that he was a minor participant when compared with identifiable co-conspirators, including the buyers and sellers, and that the district court failed to specifically compare his involvement with that of his co-conspirators. After careful review, we affirm.

We review a district court's factual findings regarding a defendant's role in the offense for clear error. United States v. De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). "So long as the basis of the trial court's decision is supported by the record and does not involve a misapplication of a rule of law, we believe that it will be rare for an appellate court to conclude that the sentencing court's determination is clearly erroneous." De Varon, 175 F.3d at 945.

2

The Guidelines provide for a two-level decrease where the defendant was a minor participant in any criminal activity. See U.S.S.G. § 3B1.2(b). A minor participant is defined as "any participant who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, comment. (n.3). To determine whether the adjustment applies, a district court first should measure the defendant's role against the conduct for which he has been held accountable. See De Varon, 175 F.3d at 934. With regard to drug couriers, this Court has indicated that its holding in De Varon "[did] not create a presumption that drug couriers are never minor or minimal participants, any more than that they are always minor or minimal," but "[r]ather . . . [established] only that the district court must assess all of the facts probative of the defendant's role in [his] relevant conduct in evaluating the defendant's role in the offense." United States v. Boyd, 291 F.3d 1274, 1277 (11th Cir. 2002). In drug courier cases, "the amount of drugs imported is a material consideration in assessing a defendant's role in [his] relevant conduct" and "may be dispositive – in and of itself – in the extreme case." De Varon, 175 F.3d at 943.

Second, where there is sufficient evidence, a court also may measure the defendant's conduct against that of other participants in the criminal scheme attributed to the defendant. See id. In making this inquiry, a district court should

look to other participants only to the extent that they (1) are identifiable or discernable from the evidence, and (2) were involved in the relevant conduct attributed to the defendant. See id. at 944 (stating that "[t]he conduct of participants in any larger criminal conspiracy is irrelevant"). Moreover, "the amount of drugs imported is a material consideration in assessing a defendant's role in [his] relevant conduct." Id. at 943.

Here, the relevant conduct attributed to Balereso at sentencing was the importation and possession of approximately 1,627 kilograms of cocaine, which represented the amount of cocaine found on the vessel when it was intercepted with Balereso onboard. The district court, after analyzing Balereso's role, correctly concluded that he played an integral role in the cocaine offenses for which he was held accountable. See id. at 945. Balereso argues that he was entitled to a minor-role adjustment because he was unaware of the amount of cocaine contained in the go-fast boat when it was intercepted by the United States Coast Guard in the Eastern Pacific Ocean, and that he was a mule whose role was only to transport the cocaine "from point A to point B." We disagree. At his plea colloquy, Balereso admitted that he was found on a vessel with a substantial amount of cocaine, and that he was transporting that cocaine from one location to another. Balereso also admitted that he knowingly and intentionally possessed the

cocaine and intended to distribute it. These activities demonstrate that he participated in transporting the drugs, that his role was not minor in the relevant conduct of possession and conspiracy to possess with intent to distribute over five kilograms of cocaine. See De Varon, 175 F.3d at 944.[1]

As for De Varon's second prong, we are unpersuaded by Balereso's argument that the district court erred by finding him no less culpable than the other conspirators. With the possible exception of co-conspirator Jiminez-Biojo, who claimed that he was the boat's captain, Balereso's conduct was identical to that of his codefendants. The conduct of "the wealthy and powerful buyers and sellers" referenced in Balereso's initial brief on appeal is irrelevant, as he is not charged with a larger conspiracy to import or distribute drugs, and, in any event, these individuals are not identifiable from the evidence. See De Varon, 175 F.3d at 944.

On this record, the district court did not clearly err in denying Balereso's request for a minor-role reduction.[2] Accordingly, we affirm his sentence.

---

[1] We are unpersuaded by Balereso's reliance on the district court's decision in United States v. Dorvil, 784 F. Supp. 849 (S.D. Fla. 1991), which was decided prior to our en banc decision in De Varon clarifying the analysis and applicability of the minor-role reduction. In the instant case, the district court's sentencing decision was entirely consistent with our De Varon decision, which is the controlling law on this point.

[2] We also reject Balereso's suggestion that his sentence was unreasonable, in light of United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 756, 160 L. Ed. 2d 621 (2005), and the factors enumerated in 18 U.S.C. § 3553(a). In this case, the record reflects that the district court adequately and properly considered the § 3553(a) sentencing factors and the advisory guidelines range. At the sentencing hearing, the district court heard evidence that Balereso was needed by his family and that he was remorseful for his crime. Contrary to his assertion on appeal, the court stated

**AFFIRMED.**

---

that it had considered Balereso's situation and believed that a sentence of 135 months was appropriate given the crime and his circumstances. Moreover, we conclude the district court's consideration of the § 3553(a) factors and the relevant guideline calculation, as well as its imposition of a 135-month sentence, was reasonable. Notably, Balereso's sentence was within the guidelines range. 18 U.S.C. § 3553(a)(4); Booker, 125 S.Ct. at 767. Moreover, the district court made an accurate computation of the guidelines range, consulted them as advisory, and considered the other § 3553(a) factors. Indeed, Balereso's 135-month sentence was at the low end of the guidelines range. Though he was subject to a statutory mandatory minimum of 120 months' imprisonment, he qualified for safety-valve protection and the district court therefore could have imposed a significantly lighter sentence, but did not. The district court stated that 135 months was reasonable in light of Balereso's circumstances. We agree.