[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 23, 2006
THOMAS K. KAHN
CLERK

No. 05-14021
Non-Argument Calendar

_____

D. C. Docket No. 04-00238-CR-T-17-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE EDUARDO MOSQUERA ESTUPIAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 23, 2006)

Before DUBINA, HULL and WILSON, Circuit Judges.

PER CURIAM:

Jorge Eduardo Mosquera Estupian appeals his 168-month sentence for

conspiracy to possess with intent to distribute and possession with intent to distribute five or more kilograms of cocaine onboard a vessel subject to United States jurisdiction, in violation of 46 U.S.C. App. § 1903(a), (g), and (j). On appeal, Estupian argues that he should have been granted a minor-role reduction, and that the court should not have enhanced his sentence for his role as the vessel's captain.

## 1. Minor-Role Reduction

The standard of review for a district court's determination of whether a defendant qualifies for a minor-role reduction is clear error. *United States v. Boyd*, 291 F.3d 1274, 1277 (11th Cir. 2002). The proponent of the reduction always bears the burden of proving entitlement to the reduction by a preponderance of the evidence. *United States v. De Varon*, 175 F.3d 930, 939 (11th Cir. 1999) (en banc). The Sentencing Guidelines permit a court to decrease a defendant's offense level by two points if it finds that the defendant was a "minor participant" in the criminal activity. U.S. Sentencing Guidelines Manual § 3B1.2(b). A defendant is a minor participant if he is "less culpable than most other participants, but his role could not be described as minimal." U.S. Sentencing Guidelines Manual § 3B1.2, cmt. n.5. In determining whether a mitigating-role reduction is warranted, a district court's decision "should be informed by two principles discerned from the

Guidelines: first, the defendant's role in the relevant conduct for which [he] has been held accountable at sentencing, and, second, [his] role as compared to that of other participants in [his] relevant conduct." *De Varon*, 175 F.3d at 940. In looking to relevant conduct, "the district court must assess whether the defendant is a minor or minimal participant in relation to the relevant conduct attributed to the defendant in calculating [his] base offense level." *Id*. at 941. In comparing a defendant's conduct to that of other participants, "the district court should look to other participants only to the extent that they are identifiable or discernable from the evidence." *Id*. at 944. The *De Varon* Court noted that, in drug-courier cases, the amount of drugs is a relevant factor in determining minor-role adjustments and in some cases is dispositive. *Id*. at 943.

Estupian unsuccessfully argues that he had a very minor role simply carrying out his superior's orders in an extremely complex narcotics distribution scheme involving many individuals higher than himself on the chain of command. The 4.6 tons of cocaine found on the vessel weighs heavily against concluding that Estupian played a minor role. *See id*. at 943. Other considerations also indicate that Estupian played at least an average role: (1) Estupian was one of only eight crew members onboard the vessel when the Coast Guard found it; (2) the vessel's manifest identified Estupian as the captain; (3) Estupian was aware that the vessel

3

was transporting cocaine and participated actively in either preparing the hidden compartment for the cocaine or loading the cocaine; and (4) Estupian, at the very least, captained the vessel on its journey to rendezvous with the Colombians in order to obtain the cocaine. For these reasons, Estupian was, at the very least, an average participant in the criminal act, and, accordingly, we affirm as to this issue.

**2. Captain Enhancement**

Estupian also argues that there was insufficient evidence for the district court to conclude that he was the captain of the vessel for purposes of a U.S. Sentencing Guidelines Manual § 2D1.1(b)(2)(B) enhancement. Specifically, Estupian argues that the only evidence in support of that finding was: (1) the vessel manifest identifying him as the licensed captain; and (2) his testimony that he was the captain, which, he argues, should not have been considered because he stated, during the plea colloquy, that he had been pressured to come forward as the captain. With regard to the vessel manifest, Estupian argues that our precedent precludes a § 2D1.1(b)(2)(B) enhancement based on title alone when he was not acting as the captain.

Regarding the enhancement under § 2D1.1(b)(2)(B), we review a district court's finding of fact for clear error and its application of the guidelines de novo. *United States v. Rendon*, 354 F.3d 1320, 1329 (11th Cir. 2003). A defendant's

4

conduct warrants a two-level increase if "the defendant acted as a . . . captain . . . or any other operation officer aboard any . . . vessel carrying a controlled substance . . . ." U.S. Sentencing Guidelines Manual § 2D1.1(b)(2)(B). The guideline does not define the term "captain." However, in *Rendon*, we declined to adopt a rigid definition of "captain," and declined to create one. *Rendon*, 354 F.3d at 1329. We then adopted the reasoning of a First Circuit case which rejected a defendant's argument that, because the substantive crime was not completed, he could not qualify for a § 2D1.1(b)(2)(B) enhancement. *Id*. at 1330. We noted that the § 2D1.1(b)(2)(B) enhancement "addresses those who facilitate a drug smuggling operation by filling a critical position without which the operation likely would fail." *Id*. at 1334.

Even if Estupian abdicated his role as captain to one of the Colombians with whom he rendezvoused, because Estupian admittedly captained the vessel during the course of the conspiracy and guided the vessel to its rendezvous point to pick up the cocaine, the district court did not err in applying the § 2D1.1(b)(2)(B) enhancement. Upon review of the record, and consideration of the briefs of the parties, we find no reversible error.

**AFFIRMED.**

5