[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 13, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15280
Non-Argument Calendar

_____

D. C. Docket No. 04-00335-CR-T-17-MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MEJIA ESCALONA-MARTINEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(April 13, 2006)**

Before BLACK, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Mejia Escalona-Martinez appeals his concurrent 135-month sentences for

conspiracy to possess and possession with intent to distribute five or more kilograms of cocaine while aboard a vessel subject to United States jurisdiction, in violation of 46 U.S.C. app. §§ 1903(a), (g), and (j). On appeal, he argues that the district court erred by denying him a minor-role reduction. Upon review of the record and consideration of the parties' briefs, we affirm.

"We review a district court's determination of whether a defendant qualifies for an adjustment under the sentencing guidelines for clear error." *United States v. Boyd*, 291 F.3d 1274, 1277 (11th Cir. 2002). Section 3B1.2(b) of the U.S. Sentencing Guidelines Manual provides for a two-level reduction to a defendant's offense level if he was a minor participant in the offense. The guidelines further define a minor participant as one "who is less culpable than most other participants, but whose role could not be described as minimal." *Id*. cmt. n.5. "[A] defendant who is convicted of a drug trafficking offense, whose role in that offense was limited to transporting or storing drugs and who is accountable under [§ 1B]1.3 only for the quantity of drugs the defendant personally transported or stored is not precluded from consideration . . . under this guideline." *Id*., cmt. n.3(A). "The defendant bears the burden of proving his minor role by a preponderance of the evidence." *Boyd*, 291 F.3d at 1277.

"[I]n determining a defendant's role in the offense, a district court [first]

2

must measure the defendant's role against the relevant conduct attributed to [him] in calculating [his] base offense level." *United States v. De Varon*, 175 F.3d 930, 943-44 (11th Cir. 1999) (en banc). Next, "the district court may also measure the defendant's culpability in comparison to that of other participants in the relevant conduct." *Id*. at 944.

Here, the district court did not clearly err by denying Escalona-Martinez a minor-role reduction. Applying the first part of *De Varon*, the relevant conduct for which he was held accountable was the weight of the bales discarded from the go-fast boat, determined to weigh 320 kilograms. Therefore, his actual and relevant conduct were the same. "[W]hen a drug courier's relevant conduct is limited to [his] own act of importation, a district court may legitimately conclude that the courier played an important or essential role in the importation of those drugs." *Id.* at 942-43.

With respect to the second part of the *De Varon* analysis, there is insufficient evidence to show that Escalona-Martinez was a minor participant in comparison to others. In determining whether a defendant was less culpable than others, "the district court may consider only those participants who were involved in the relevant conduct attributed to the defendant," as "[t]he conduct of participants in any larger criminal conspiracy is irrelevant." *Id*. at 944. Here, the only persons

3

identifiable from the evidence are Escalona-Martinez and the seven other crew members of the vessel. Escalona-Martinez claims that he was a helmsman whose role was limited to taking turns piloting the vessel. However, neither the presentence investigation report nor the sentencing hearing reveal any evidence of each crew member's role, and Escalona-Martinez failed to show that his responsibilities aboard the vessel were less vital to the enterprise than those of any other crew members. Therefore, the district court did not clearly err by refusing to grant a minor-role reduction.

**AFFIRMED.**