[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-15363
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 5, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-00207-CR-T-26-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALVERO BENITO CAICEDO KASQUETE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 5, 2006)**

Before ANDERSON, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Alvero Benito Caicedo Kasquete ("Kasquete") appeals his 108-

month concurrent sentences imposed after pleading guilty to: (1) conspiracy to

possess with intent to distribute five kilograms or more of cocaine while on board a vessel, in violation of 46 App. U.S.C. § 1903(a), (g), & (j) and 21 U.S.C. § 960(b)(1)(B)(ii) (Count 1); and (2) possession with intent to distribute five kilograms or more of cocaine, in violation of 46 App. U.S.C. § 1903(a) & (g),  21 U.S.C. § 960(b)(1)(B)(ii), and 18 U.S.C. § 2.

In May 2005, the United States Navy ship Rentz ("the Rentz") was patrolling in the Eastern Pacific Ocean.  A helicopter dispatched from the Rentz spotted a vessel and determined that it was the Colombian fishing vessel OFY ("the OFY").  Naval officials tracked the OFY and observed it moving erratically and changing its course multiple times.  By the time the Rentz closed in on the OFY, the OFY was engulfed in smoke and flames, and its eight crew members, including Kasquete, boarded a smaller vessel.  Law enforcement officials extinguished the fire on the OFY and found 4,300 kilograms of cocaine concealed in a hidden compartment.  The officers then boarded the smaller vessel and arrested the OFY's crew members, including Kasquete.  Ruceo Portocarrero identified himself as the master of the OFY.

On appeal, Kasquete argues that the district court erred in not granting him a mitigating role reduction.  He claims that he was just a crew member and did not have any special skills.  Kasquete dropped out of school when he was in second

2

grade because he was very poor. Shortly after his arrest, he cooperated with the government. He claims that his role in the conspiracy was less significant than that of the major drug traffickers and owners of the drugs, and he had limited knowledge of the scope of the conspiracy. Kasquete concludes that he was just a "nautical mule," and not the owner of the drugs or the organizer of the conspiracy.

We have "long and repeatedly held that a district court's determination of a defendant's role in the offense is a finding of fact to be reviewed only for clear error."[1] *United States v. De Varon*, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). Section 3B1.2 of the Sentencing Guidelines provides for a four-level decrease to a defendant's offense level if the defendant was a minimal participant in any criminal activity and a two-level decrease if the defendant was a minor participant in any criminal activity. U.S.S.G. § 3B1.2.

A defendant who is a minimal participant is one who is plainly among the least culpable of those involved in the conduct of a group. U.S.S.G. § 3B1.2, comment. (n.4). A defendant is a minor participant if he is less culpable than most other participants, but whose role can not be described as minimal. U.S.S.G.

---

[1] In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court excised 18 U.S.C. § 3742(e), which established standards of review on appeal. However, this Court has held that pre-*Booker* standards for reviewing application of the Sentencing Guidelines (*i.e.*, findings of fact for clear error, and questions of law *de novo*) still apply post-*Booker*. *United States v. Crawford*, 407 F.3d 1174, 1177-78 (11th Cir. 2005).

§3B1.2, comment. (n. 5).  In determining a defendant's mitigating role in the offense, the district court "must measure the defendant's role against the relevant conduct for which [he] was held accountable at sentencing . . . [and] may also measure the defendant's role against the other participants, to the extent they are discernable, in that relevant conduct."  *De Varon*, 175 F.3d at 945. "The defendant bears the burden of proving his minor role by a preponderance of the evidence." *United States v. Boyd*, 291 F.3d 1274, 1277 (11th Cir. 2002).  Where a drug courier's relevant conduct is limited to his own criminal act, a district court may legitimately conclude that the courier played an important and essential role in that crime.  *See DeVaron*, 175 F.3d at 942-43.  Furthermore, "the amount of drugs imported is a material consideration in assessing a defendant's role in [his] relevant conduct." *See id.* at 943.  "[W]here the relevant conduct attributed to a defendant is identical to [his] actual conduct, [he] cannot prove that [he] is entitled to a [mitigating-role] adjustment simply by pointing to some broader criminal scheme in which [he] was a minor participant but for which [he] was not held accountable." *Id.* at 941.

Here, the record supports the district court's finding that Kasquete's role in the relevant conduct was not minor or minimal.  With respect to the first prong of the *DeVaron* analysis, at sentencing,  Kasquete was held accountable only for the

4

4,300 kilograms of cocaine, a very large amount, which was the amount that the OFY was transporting. Thus, Kasquete's actual and relevant conduct were the same, and, as such, the district court's ruling was not clearly erroneous.

With respect to the second prong of the *DeVaron* analysis, there is insufficient evidence to show that Kasquete was a minor or minimal participant in comparison to others. Here, the only persons identifiable from the evidence are Kasquete and the seven other crew members of the OFY, one of whom was the captain of the vessel.[2] Kasquete offers no evidence in support of his claim that his role was less significant than that of the major drug traffickers and owner of the drugs. Additionally, Kasquete has provided no evidence that he was less culpable than the other crew members of the OFY. Kasquete claims that he was no more than a crew member and had no special skills, however, he has provided no evidence showing that his responsibilities aboard the OFY were less vital to the enterprise than those of any of the other crew members. To conclude, Kasquete had the burden to prove he played a mitigating role, and the district court did not clearly err in finding that he did not meet his burden. Therefore, we affirm his sentence.

**AFFIRMED.**

---

[2] The captain of the OFY, Portocarrero, received a two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(2)(B) because he was the captain. (*See United States v. Portocarrero*, Case No. 05-15448-CC) (a related case).

5