[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 17, 2006
THOMAS K. KAHN
CLERK

No. 05-16444
Non-Argument Calendar

_____

D. C. Docket No. 05-00085-CR-T-30-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS AGOSTO TUNORIO ARROYO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 17, 2006)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Carlos Agosto Tunorio Arroyo appeals his sentence for two drug trafficking convictions. Arroyo argues that the district court clearly erred when it found Arroyo was not a minor participant in the offense. See U.S.S.G. § 3B1.2(b). We affirm.

On February 17, 2005, the U.S. Coast Guard stopped the fishing vessel Ranger Yacht with Arroyo and several other crew members on board. The Coast Guard discovered approximately 4309 kilograms of cocaine in a hidden compartment. Each crew member was arrested and charged with conspiracy to possess and possession with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, 46 U.S.C. app. §§ 1903(a), (g), (j); 21 U.S.C. § 960(b)(1)(B)(ii).

Arroyo pleaded guilty to both counts of the indictment. At his sentencing hearing, Arroyo admitted that he knew he would be participating in illegal activity when he boarded the boat, he helped load cocaine onto the boat, and he was promised payment of 35 million pesos for his participation. The Presentence Investigation Report calculated a base offense level of 38, see U.S.S.G. § 2D1.1(c), and recommended a decrease of two levels under the "safety valve" provision, see U.S.S.G. § 2D1.1(b)(7) (2005), and a three-level decrease for acceptance of responsibility, see U.S.S.G. § 3E1.1. Arroyo's total offense level was 33, with a

criminal history category of I; his guidelines sentencing range was 135 to 168 months of imprisonment.

Arroyo admitted the factual account of the Presentence Investigation Report, but he argued that he was entitled to a two-level decrease for having a minor role in the offense. See U.S.S.G. § 3B1.2. The district court disagreed and found that Arroyo "played more than a minor role in the offense and is therefore not entitled to the two-level reduction." The district court sentenced Arroyo to 135 months of imprisonment.

"[A] district court's determination of a defendant's role in the offense is a finding of fact to be reviewed only for clear error." United States v. De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). The guidelines define "minor participant" as one "who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2 cmt. n.5. "The defendant bears the burden of proving his minor role by a preponderance of the evidence." United States v. Boyd, 291 F.3d 1274, 1277 (11th Cir. 2002). "Only if the defendant can establish that []he played a relatively minor role in the conduct for which []he has already been held accountable—not a minor role in any larger criminal conspiracy—should the district court grant a downward adjustment for minor role in the offense." De Varon, 175 F.3d at 944.

Arroyo admitted that he was a crew member on the <u>Ranger Yacht</u>, and he presented no evidence that the other crew members had a more active role in the criminal activity than Arroyo. Arroyo's argument in favor of the departure for being a minor participant was limited to the comments of his counsel, which is insufficient to support a departure. <u>See</u> <u>United States v. Kapelushnik</u>, 306 F.3d 1090, 1095 (11th Cir. 2002). The district court did not clearly err when it found Arroyo was not a minor participant in the offense.

**AFFIRMED**.