[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 16, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-13392
Non-Argument Calendar

_____

D. C. Docket No. 04-00608-CR-T-27EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANCISCO ZURIQUE VARGAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 16, 2006)

Before ANDERSON, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Francisco Zurique Vargas appeals his 135-month sentence for: (1)

conspiracy to possess with intent to distribute 5 kilograms or more of cocaine while aboard a vessel, in violation of 46 App. U.S.C. § 1903(a),(g),(j), and 21 U.S.C. § 960(b)(1)(B)(ii); and (2) possession with intent to distribute 5 kilograms or more of cocaine while aboard a vessel, in violation of § 1903(a)(g), 18 U.S.C. § 2, and 21 U.S.C. § 960(b)(1)(B)(ii). On appeal, Vargas argues that he was only a crew member aboard the vessel, with no interest or control in the drugs, and a limited knowledge of the scope of the criminal conspiracy, and therefore, the district court clearly erred in not granting him a minor-role reduction.

We review a district court's decision on whether to grant a minor-role reduction for clear error. United States v. Rodriguez-De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). Minor participants may receive a two-level reduction. U.S.S.G. § 3B1.2(a), (b). A minor participant "means any participant who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, cmt. 5; De Varon, 175 F.3d at 939.

The defendant has the burden of establishing his role by a preponderance of evidence. De Varon, 175 F.3d at 939. For a sentencing court to determine whether to grant a minor-role reduction, it considers two principles. Id. at 940. First, the court must measure the defendant's role against the relevant conduct for which she is being held accountable. Id. We have noted that "[o]nly if the defendant can

2

establish that she played a relatively minor role in the conduct for which she has already been held accountable - not a minor role in any larger criminal conspiracy - should the district court grant" a minor-role reduction. Id. at 944. The second prong of the minor-role reduction analysis permits a district court, "where the record evidence is sufficient . . . [, to] measure the defendant's conduct against that of other participants in the criminal scheme attributed to the defendant." Id. at 934.

When making the minor-role determination, a district court should consider the "amount of drugs, fair market value of drugs, amount of money to be paid to the courier, equity interest in the drugs, role in planning the criminal scheme, and role in the distribution. This is not an exhaustive list, nor does it suggest that any one factor is more important than another." Id. at 945. The district court has "considerable discretion in making this fact-intensive determination." United States v. Boyd, 291 F.3d 1274, 1277-78 (11th Cir. 2002). "[A] district court is not required to make any specific findings other than the ultimate determination of the defendant's role in the offense." De Varon, 175 F.3d at 940. "So long as the basis of the trial court's decision is supported by the record and does not involve a misapplication of a rule of law," we should affirm. Id. at 945.

Upon review of the record and consideration of the parties' briefs, we discern no reversible error. Vargas was part of a five-member crew aboard a go-

3

fast boat that was transporting 1508 kilograms of cocaine. At sentencing, Vargas was held accountable only for the 1508 kilograms of cocaine. Vargas introduced no evidence that he was less culpable than any of the other members of the go-fast boat's crew. Vargas's argument seems to be that, as a crew member, he was less culpable than the cocaine's owner or major drug traffickers. Vargas, however, was sentenced on the basis of being in possession with intent to distribute 1508 kilograms of cocaine, not on the basis of any larger drug trafficking scheme. Vargas admitted to being a crew member in possession of 1508 kilograms of cocaine, a significant amount. The district court concluded that Vargas did not carry his burden of proving that he was a minor participant in the conduct for which he was held accountable. We conclude that the district court did not clearly err in refusing to give Vargas a minor-role reduction.

**AFFIRMED.**[1]

---

[1] Vargas's request for oral argument is denied.