[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 06, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-10857
Non-Argument Calendar

_____

D. C. Docket No. 05-00362-CR-T-24-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS ROBERTO BONILLA-NUNEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(September 6, 2006)**

Before TJOFLAT, BLACK and WILSON, Circuit Judges.

PER CURIAM:

Carlos Roberto Bonilla-Nunez appeals his 135-month sentence after he pled

guilty without a plea agreement to drug trafficking offenses. He was a member of a four-member crew caught on a fishing vessel with 3,900 kilograms of cocaine hidden in a secret compartment. He asks that we vacate his sentence and remand the case for re-sentencing because the district court erred in declining to apply a minor-role reduction to his base offense level to reduce his sentence.

United States Sentencing Guidelines § 3B1.2(b) permits the district court to decrease a defendant's base offense level if it finds that the defendant was less culpable than his co-defendant. To apply a mitigating role reduction, the district court must determine that the defendant played a relatively minor role in the relevant conduct for which he was held accountable. *United States v. DeVaron*, 175 F.3d 930, 944 (11th Cir. 1999) (en banc). In making this determination, the court may consider, for example, the amount of drugs involved, the fair market value of the drugs, the amount of money to be paid to the courier, the courier's equity interest in the drugs, the courier's role in planning the criminal scheme, and the courier's role in distributing the cocaine. *Id*. at 945. The amount of drugs involved may be dispositive in the extreme situation. *Id*. at 943. Also, the district court may compare the defendant's culpability to that of the majority of the other participants who are identifiable from the evidence and who participate in the defendant's relevant conduct. *Id*. at 944.

We review the district court's finding concerning the defendant's role in the offense for clear error. *Id*. at 937. The defendant bears the burden of proving that he played a minor role by a preponderance of the evidence. *United States v. Boyd*, 291 F.3d 1274, 1277 (11th Cir. 2002).

Bonilla Nunez argues that he was entitled to a minor-role reduction because he was "nothing more than a crewman" or "pawn" in a venture over which he "had no control." Although he recognized that he was "just like the other crew members," he argued that he was "not the captain" and that his participation in the conspiracy was less than that of other uncharged individuals.

We find no error in the district court's conclusion that Bonilla-Nunez failed to carry his burden under § 3B1.2(b). Bonilla-Nunez was held accountable at sentencing for loading and secreting 3,900 kilograms of cocaine. This was a significant amount of cocaine that was discovered on the vessel on which he was arrested. Likewise, he admitted to loading and secreting the cocaine. Furthermore, the only participants in the trafficking conspiracy, besides Bonilla-Nunez, who are identifiable from the record are the three other crew members who were indicted. With respect to these relevant participants, each participated in loading and secreting the 3,900 kilograms of cocaine, like Bonilla-Nunez. The only participant whose role is distinguishable is the captain. However, the roles of the majority of

the participants, including that of Bonilla-Nunez are indistinguishable.  Therefore, Bonilla-Nunez has failed to prove by a preponderance of the evidence that he deserved a minor-role reduction, and the district court did not clearly err in declining to apply a minor-role reduction.

Accordingly, we affirm Bonilla-Nunez's sentence.

**AFFIRMED.**