[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 20, 2002
THOMAS K. KAHN
CLERK

No. 01-15205

D. C. Docket No. 01-00367 CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL DONYELL BOYD,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Florida

**(May 20, 2002)**

Before ANDERSON, Chief Judge, DUBINA and MARCUS, Circuit Judges.

DUBINA, Circuit Judge:

After Appellant Michael Donyell Boyd ("Boyd") pled guilty to 21 U.S.C. § 952(a), importing "a detectable amount of cocaine" into the United States, the district court sentenced him to 46 months imprisonment followed by a three-year term of supervised release. Boyd appeals his sentence, contesting that the district court created a per se law in denying him a minor role adjustment. We disagree. The district court sentenced Boyd consistent with Amendment 635 to the United States Sentencing Guidelines ("USSG"), which adopts this circuit's precedent of *United States v. Rodriguez De Varon*, 175 F.3d 930 (11th Cir. 1999)(*en banc*). We, therefore, affirm Boyd's sentence.

## I.   BACKGROUND

Boyd arrived at Miami International Airport on a flight originating in Port-au-Prince, Haiti. Customs inspectors discovered twelve packages of cocaine, containing 2,874 grams of the narcotic, concealed in Boyd's luggage. Boyd admitted to a customs agent that he knew he was carrying illegal drugs into the United States.

Boyd asserts that in exchange for $6000, he brought the cocaine into the United States from Haiti at the request of "Jack" and "Amrose." According to Boyd, he spent approximately two weeks in Miami with Jack and Amrose prior to traveling to Haiti. Jack and Amrose covered all of Boyd's expenses, including

2

meals, lodging, and the cost of obtaining Boyd's passport.  The three men then flew to Haiti, where Jack and Amrose continued to pay for Boyd's expenses.

Once in Haiti, Jack and Amrose obtained the cocaine, concealed the cocaine in boots, and hid it in Boyd's luggage.  Boyd heard Jack and Amrose discuss their plans to later distribute the cocaine.  Jack and Amrose returned to the United States on the same plane as Boyd, but they instructed him to not speak to or acknowledge them.  Upon arrival in the United States, a customs agent discovered the cocaine and arrested Boyd.

On April 19, 2001, a federal grand jury returned a two-count indictment which charged Boyd with importing five kilograms or more of cocaine into the United States, in violation of 21 U.S.C. §§ 952(a) and 960(b)(1), and possessing five kilograms or more of cocaine with the intent to distribute it, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A).  Pursuant to a written agreement, Boyd pleaded guilty to Count I of the government's superseding indictment which charged him with importing "a detectable amount of cocaine" into the United States.  The government dismissed Count 2 regarding the intent to distribute.

Boyd objected to the Presentence Investigation Report ("PSI") based on the probation officer's failure to recommend a minor role adjustment pursuant to USSG § 3B1.2.  The government, relying on this court's decision in *De Varon*,

filed a response defending the probation officer's decision to not recommend a minor role adjustment. The government did, however, recommend a three-level downward adjustment for Boyd's timely acceptance of responsibility. The district court denied Boyd the minor role reduction, and in so doing, stated:

> Essentially the government and the probation officer's response recognizes the different roles that each of the individuals played. Looking at or considering the *De Varon* case, this defendant was charged in a single defendant indictment, two count indictment. He is being held accountable only for his own conduct.
>
> Under *De Varon,* it would be an exceptional case, if not impossible, it would be a rare case indeed to find a defendant to be a minor participant in his own conduct if that's the only conduct he is being held accountable for. Even recognizing the differences in the roles the various persons played in this offense I don't think it can be said that his role was any more or less culpable than the other individuals that he was involved with, even though they were not charged.
>
> He played an integral role. Even though others may have provided money he is a but for defendant. But for his own conduct the drugs would not have found their way into the United States. I will note the objection and deny it. . . .

(R. at Vol. 3 p. 6-7).

## II.    ISSUE

Whether the district court erred in denying Boyd a minor role adjustment.

## III.    STANDARD OF REVIEW

4

We review a district court's determination of whether a defendant qualifies for an adjustment under the sentencing guidelines for clear error. *De Varon*, 175 F.3d at 937-38.

## IV.    DISCUSSION

Section 3B1.2(b) of the Sentencing Guidelines provides for a two-level reduction in a defendant's offense level if he was a minor participant in the offense.   USSG §3B1.2(b).  A minor participant in an offense is any  participant "who is less culpable than most other participants, but whose role could not be described as minimal."  USSG §3B1.2 comment. (n.5).  In November 2001, the Sentencing Commission proposed Amendment 635, which revises the commentary to § 3B1.2.  *See* USSG App. C, Amend. 635.  The amendment states that a defendant "who is convicted of a drug trafficking offense, whose role in that offense was limited to transporting or storing drugs and who is accountable under §1B1.3 only for the quantity of drugs the defendant personally transported or stored is not precluded from consideration for an adjustment under this guideline." USSG §3B1.2 comment. (n. 3(A)).

In light of Amendment 635, Boyd contends that the district court erred in stating that rarely will a defendant be a minor participant when he is only being held accountable for his own conduct.  We reject Boyd's argument.  Amendment

635 adopts our holding in *De Varon*, in which we stated that "[w]e do not create a presumption that drug couriers are never minor or minimal participants, any more than that they are always minor or minimal. Rather, we hold only that the district court must assess all of the facts probative of the defendant's role in her relevant conduct in evaluating the defendant's role in the offense." *De Varon*, 175 F.3d at 943. The Sentencing Commission, through Amendment 635, has now ratified *De Varon*.[1]

The district court, in denying Boyd a minor role adjustment, did not commit a legal or factual error; nor did it create a per se law. In *De Varon*, we held that a district court, when determining if a defendant is a minor participant, "must measure the defendant's role against the relevant conduct for which she was held accountable at sentencing . . . [and] may also measure the defendant's role against the other participants . . . in that relevant conduct." *De Varon*, 175 F.3d at 945. The defendant bears the burden of proving his minor role by a preponderance of the evidence. *Id.* at 939. The district court, after analyzing Boyd's role in the offense, found that Boyd played an integral role and thus denied the minor role reduction. Recognizing that the district court has considerable discretion in

---

[1] The Sentencing Commission, in providing its reasons for amendment, specifically noted that Amendment 635 "adopts the approach articulated by the Eleventh Circuit in *United States v. Rodriguez De Varon* . . . ." *See* USSG App. C, Amend. 635, Reason for Amendment.

making this fact-intensive determination, we conclude from the record that the district court's decision was not clearly erroneous. Further, we conclude that the district court did not create per se law in its decision because its comments are consistent with § 3B1.2 and *De Varon*.

Accordingly, we affirm the district court's denial of Boyd's request for a minor role reduction and Boyd's sentence.

**AFFIRMED.**