[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 15, 2006
THOMAS K. KAHN
CLERK

No. 05-12577
Non-Argument Calendar

_____

D. C. Docket No. 03-00398-CR-T-17TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FLORENTINO SOTO,
a.k.a. Florentino Junior Soto,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(February 15, 2006)**

Before CARNES, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Florentino Soto appeals the 110-month sentence imposed after he pled guilty to conspiring to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A). On appeal, Soto argues the district court erred at sentencing by failing to award (1) a minor-role adjustment, pursuant to U.S.S.G. § 3B1.2, based on his status as a courier, and (2) a safety-valve reduction, pursuant to U.S.S.G. § 5C1.2, because his criminal history was over-represented under the Guidelines calculus. After careful review, we affirm.

We review de novo questions of law regarding the district court's application of the Guidelines. See United States v. Crawford, 407 F.3d 1174, 1178-79 (11th Cir. 2005) ("as was the case before [United States v. Booker, 543 U.S. 220 (2005)], the district court must calculate the Guidelines range accurately"). A defendant seeking a minor-role reduction bears the burden of proving that he is entitled to the reduction by a preponderance of the evidence. United States v. De Varon, 175 F.3d 930, 939 (11th Cir. 1999) (en banc). The district court's determination of a defendant's role in a criminal offense "is heavily dependent upon the facts of the particular case." U.S.S.G. § 3B1.2 cmt. n.3(C). Accordingly, we review that determination for only clear error. De Varon, 175 F.3d at 937. "So long as the basis of the trial court's decision is supported by the record and does not involve a misapplication of a rule of law, . . . it will be rare for

2

an appellate court to conclude that the sentencing court's determination is clearly erroneous." Id. at 945. We review factual determinations under the safety-valve provision for clear error. See United States v. Cruz, 106 F.3d 1553, 1557 (11th Cir. 1997).

The parties are familiar with the relevant facts and we only summarize the facts necessary to our analysis here. During a traffic stop in Kansas, Soto consented to a search of his vehicle. Inside of a hidden compartment in Soto's car, law enforcement recovered 11 "bricks" of cocaine wrapped in plastic wrap and weighing 8.993 kilograms. An ongoing investigation showed that Soto was operating as part of a larger conspiracy distributing cocaine from California to Florida. Soto pled guilty and proceeded to sentencing.

The statutory mandatory-minimum penalty for Soto's offense of conviction was 120 months' imprisonment. See 21 U.S.C. § 841(b)(1)(A). The presentence investigation report ("PSI") assigned a base offense level of 32 and recommended a 2-point downward adjustment for acceptance of responsibility, U.S.S.G. § 3E1.1(a), and a 1-point downward adjustment for Soto's timely notice of his intent to plead guilty, U.S.S.G. § 3E1.1(a) and (b). Thus, the probation officer assigned Soto a total offense level of 29. As for criminal history, the PSI assessed one point for Soto's 2001 conviction for possession of alcohol by a minor, for

which adjudication had been withheld and Soto received a sentence of 36 months' probation. See U.S.S.G. § 4A1.1(c). Soto was still on probation at the time he committed the instant offense, thus warranting the assessment of two more criminal history points. See U.S.S.G. § 4A1.1(d). With a total offense level of 29 and a criminal history category II (based on three criminal history points), the recommended Guidelines range was 97 to 121 months' imprisonment. After taking into consideration the 120-month mandatory-minimum for Soto's offense, the effective Guidelines range was 120 to 121 months' imprisonment. The PSI also stated that Soto was then serving in Kansas a term of imprisonment resulting from an offense that was relevant conduct to the instant offense. Thus, the PSI noted the applicability of U.S.S.G. § 5G1.3(b), which governs imposition of sentence on a defendant who was convicted of a crime while serving an undischarged term of imprisonment for a prior conviction constituting relevant conduct to the instant offense.

Over Soto's objections, the district court adopted the recommendations of the PSI, credited Soto for ten months of time he had already served in Kansas for a conviction constituting "relevant conduct," and accordingly imposed a 110-month term of imprisonment. The court recognized the post-Booker advisory nature of the Guidelines and stated that, "[a]fter considering the advisory sentencing

4

guidelines and all the factors identified in [18 U.S.C. § 3553(a)(1) through (7),] the sentence imposed [was] sufficient but not greater than necessary to comply with the statutory purposes of sentencing." This appeal followed.

First, Soto argues that he should have been given a two-level minor-role reduction pursuant to U.S.S.G. § 3B1.2 because, as a courier, he played a minor role relative to other participants in the conspiracy. The Guidelines provide for a two-level decrease where the defendant was a minor participant in any criminal activity. See U.S.S.G. § 3B1.2(b). A minor participant is defined as "any participant who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, comment. (n.3). To determine whether the adjustment applies, a district court first should measure the defendant's role against the conduct for which he has been held accountable. See De Varon, 175 F.3d at 934. With regard to drug couriers, we have indicated that our holding in De Varon "[did] not create a presumption that drug couriers are never minor or minimal participants, any more than that they are always minor or minimal," but "[r]ather . . . [established] only that the district court must assess all of the facts probative of the defendant's role in [his] relevant conduct in evaluating the defendant's role in the offense." United States v. Boyd, 291 F.3d 1274, 1277 (11th Cir. 2002).

5

Where there is sufficient evidence, after measuring the defendant's role against the conduct for which he is being held accountable, a district court also may measure the defendant's conduct against that of other participants in the criminal scheme attributed to the defendant. See De Varon, 175 F.3d at 943. In making this inquiry, a district court should look to other participants only to the extent that they (1) are identifiable or discernable from the evidence, and (2) were involved in the relevant conduct attributed to the defendant. See id. at 944 (stating that "[t]he conduct of participants in any larger criminal conspiracy is irrelevant").

Here, the relevant conduct attributed to Soto was the possession of 8.993 kilograms of cocaine, which represented the amount of cocaine found in Soto's vehicle. At the plea colloquy, Soto admitted to the amount of cocaine found in his vehicle during the traffic stop and, at sentencing, he did not object to the PSI's calculation of the amount of cocaine found in his car. The possession of 8.993 kilograms of cocaine was sufficient to show that Soto's role was not minor in the relevant conduct of possession with intent to distribute over five kilograms of cocaine. Cf. De Varon, 175 F.3d at 942-43 (observing "when a drug courier's relevant conduct is limited to her own act of importation, a district court may legitimately conclude that the courier played an important or essential role in the importation of those drugs."; observing that amount of drugs is "a material

6

consideration" in assessing the defendant's role in offense and that amount of drugs may be "the dispositive factor"). Therefore, the first principle of De Varon precludes a minor role reduction and we discern no clear error in the district court's refusal to award the adjustment.[1]

Next, Soto argues he was entitled to a safety-valve reduction. Pursuant to 21 U.S.C. § 841(b)(1)(A), Soto faced "a term of imprisonment which may not be less than 10 years[.]" Although U.S.S.G. § 5C1.2 provides that the district court "shall impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence," to do so it first must find "that the defendant meets the [safety-valve] criteria in 18 U.S.C. § 3553(f)(1)-(5)." U.S.S.G. § 5C1.2(a) (emphasis added).[2] At Soto's sentencing hearing, he challenged only the

---

[1] Given Soto's failure to carry his burden on the first De Varon prong, we need not reach the second prong, but we nevertheless observe that this second principle would also defeat the award of a minor-role reduction here. The PSI outlined that the conspiracy in which Soto was involved included both "leaders" and "transporters," and that the transporters may have taken possession of the drugs on a consignment basis. Based on the amounts confiscated at other points in the investigation, as outlined in the PSI, the 8.9 kilograms Soto possessed was a substantial amount. Therefore, information before the district court suggested that Soto was an average member of the conspiracy, something more than minimal or minor. In any event, the conduct of others who were involved in the overall scheme is irrelevant to the assessment of Soto's role, as he was not charged with a larger drug trafficking conspiracy and the other conspirators were not identifiable from the evidence. See De Varon, 175 F.3d at 944 (observing that, on second prong, "the district court may consider only those participants who were involved in the relevant conduct attributed to the defendant" and "[t]he conduct of participants in any larger criminal conspiracy is irrelevant").

[2] The safety-valve requirements are:

> (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;

first safety-valve criterion of § 3553(f)(1). Guideline 5C1.2(a)(1), implementing § 3553(f)(1), provides for the safety-valve reduction if "the defendant does not have more than 1 criminal history point, as determined under the Sentencing Guidelines before application of [U.S.S.G. § 4A1.3(b)]." U.S.S.G. § 5C1.2(a)(1) (emphasis added). Guideline 4A1.3(b), in turn, provides for situations where a defendant's criminal history category "substantially over-represents the seriousness of [his] criminal history" or the likelihood of recidivism, by allowing for a downward departure.

---

(2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(3) the offense did not result in death or serious bodily injury to any person;

(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act; and

(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f).

However, a "defendant whose criminal history category is Category I after receipt of a downward departure under this subsection does not meet the [first criterion for the safety-valve] if, before receipt of the downward departure, the defendant had more than one criminal history point under § 4A1.1[.]" U.S.S.G. § 4A1.3(b)(3)(B). Under U.S.S.G. § 4A1.1(d), the Guidelines instruct the court to add 2 points to a defendant's criminal history "if [he] committed the instant offense while under any criminal justice sentence, including probation[.]" Simply put, the assessment of two criminal history points for Soto's commission of the instant offense while serving a term of probation made Soto ineligible for safety-valve relief. Accordingly, a <u>correct</u> application of the Guidelines prevented the court from giving Soto the benefit of a safety-valve reduction.

Finally, to the extent Soto challenges the reasonableness of his sentence under <u>Booker</u>, we can find no error. The district court expressly stated, after consideration of the § 3553(a) factors, that the sentence was reasonable. The offense committed involved a substantial amount of cocaine, and Soto was already on probation. Moreover, Soto presented no history or characteristics so compelling as to undermine the reasonableness of a standard sentence. The court sentenced him within the Guidelines range, including specific directives as to Soto's education while incarcerated, pursuant to Soto's request. As such, we can find

9

nothing to suggest that Soto's sentence was unreasonable. We recently rejected the government's argument that we do not have jurisdiction to review sentences for reasonableness. See United States v. Martinez, --- F.3d ---, 2006 WL 39541 *3 (11th Cir. Jan. 9, 2006) (rejecting government's argument that this Court lacks jurisdiction to review sentences for reasonableness under 18 U.S.C. § 3742); see also United States v. Mickelson, --- F.3d ---, 2006 WL 27687 *2 (8th Cir. Jan. 6, 2006) (same).

We can find no legal error in the district court's application of the Guidelines, nor can we discern clear error in its factual findings. Accordingly, we affirm Soto's sentence.[3]

**AFFIRMED**.

---

[3] In his initial brief, Soto also "moves to adopt co-appellants' briefs as they may apply." According to our rules, parties wishing to adopt other parties' briefs "shall include a statement describing in detail which briefs and which portions of those briefs are adopted." 11th Cir. R. 28-1(f); see also Fed. R. App. P. 28(i). We retain discretion to consider arguments as adequately adopted despite an appellant's failure to comply with the adoption requirements in instances such as when not doing so would result in the anomaly of "revers[ing] some convictions and not others when all defendants suffer from the same error." See United States v. Gray, 626 F.2d 494, 497 (5th Cir. 1980); Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1207 (11th Cir. 1981) (noting that decisions by the former Fifth Circuit issued before October 1, 1981, are binding as precedent in this Circuit). Not only does Soto not identify which co-appellant's briefs he means, but he is the only appellant in this action. Accordingly, Soto's statement of adoption was inadequate to assert any arguments other than the ones we have addressed here.