[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 21, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-13303
Non-Argument Calendar

_____

D. C. Docket No. 04-00475-CR-T-30-MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RIGOBERTO MONTENEGRO PERLAZA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(March 21, 2006)**

Before TJOFLAT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

On September 25, 2004, appellant and seven others were crew members

aboard a Columbian fishing vessel that took on 245 bales of cocaine, weighing in excess of 5,500 kilograms, while at sea. The vessel was thereafter spotted by a U.S. Navy frigate, and the Columbian government granted the U.S. Government authority to board it. The vessel was seized, and appellant and his fellow crew members were arrested, brought to Middle District of Florida, and indicted. In Count One, they were charged with conspiring to distribute five kilograms or more of cocaine while aboard a vessel subject to United States jurisdiction, and, in Count Two, for possessing with intent to distribute such cocaine, all in violation of 46 U.S.C. app § 1903(a) and (g) and 21 U.S.C. § 960(b)(1)(B)(ii).

On March 10, 2005, appellant plead guilty to both counts, and on June 3, 2005, after the district court's probation office filed a presentence report ("PSI"), the district court held a sentencing hearing. Appellant objected to the PSI's failure to grant him a minor role downward adjustment of his offense level, pursuant to U.S.S.G. § 3B1.2, because, he argued, he was "basically a deck hand" and was not an organizer of the criminal enterprise.[1] The court overruled his objection based on the large amount of cocaine involved and because it had not given a minor role reduction to any of the other crew members whose cases were indistinguishable from appellant's. After hearing from the parties, the court adopted the PSI's

---

[1] Appellant had no objections to the factual recitals in the PSI. His sole objection concerned the failure of the report to recommend a minor role reduction.

2

factual recitals and Guidelines applications.  Then, having afforded appellant his right of allocution, and considering the sentencing objectives laid out in 18 U.S.C. § 3553(a), sentenced appellant to concurrent prison terms of 135 months, at the low end of the 135 to 168 months sentence range.  After imposing sentence, the court elicited the parties' objections.  Appellant said that the court should treat the Guidelines as advisory, as required by the Booker decision.  United States v. Booker, 543 U.S. 220, 232-33, 244, 125 S.Ct. 738, 749-50, 756, 160 L.Ed.2d 621 (2005).  The court agreed and did so.

Appellant now appeals his sentences on two grounds.  The first is that the court's sentencing process infringed his Fifth and Sixth Amendments rights.  The second ground is that the court committed clear error by denying his request for a minor role reduction.  Appellant's first ground is meritless.  Appellant did not raise a Fifth or Sixth Amendment issue when the court elicited his objections.  All he did was to ask the court to treat the Guidelines as advisory, as Booker requires, and the court agreed and did so.  There is no plain Booker-error here.  Having said this, we turn to appellant's second point.

We review the district court's interpretation of the Guidelines de novo and its factual findings for clear error.  United States v. Ellis, 419 F.3d 1189, 1192 (11th Cir. 2005).  "This Court has long and repeatedly held that a district court's

3

determination of a defendant's role in the offense is a finding of fact to be reviewed only for clear error." United States v. De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). We find no clear error here.

Section 3B1.2 permits a downward adjustment of the offense level for a defendant who is substantially less culpable than the average participant. U.S.S.G. § 3B1.2, comment. (n.3) (2004). A defendant is a minor participant if he is less culpable than most other participants, but whose role cannot be described as minimal. U.S.S.G. § 3B1.2, comment. (n.5) (2004). In determining a defendant's mitigating role in the offense, the district court "must measure the defendant's role against the relevant conduct for which [he] was held accountable at sentencing . . . [and] may also measure the defendant's role against other participants . . . in that relevant conduct." De Varon, 175 F.3d at 945. In deciding whether a defendant was less culpable than others, "the district court should look to other participants only to the extent that they are identifiable or discernible from the evidence." Id. at 944. Furthermore, "where the relevant conduct attributed to a defendant is identical to [his] actual conduct, [he] cannot prove that [he] is entitled to a minor role adjustment simply by pointing to some broader criminal scheme in which [he] was a minor participant but for which [he] was not held accountable." Id. at 941. "The defendant bears the burden of proving his minor role by a preponderance of

4

the evidence."  United States v. Boyd, 291 F.3d 1274, 1277 (11th Cir. 2002).

The record in this case supports the district court's finding that the relevant conduct attributed to appellant was not minor.  With respect to the first prong of the De Varon analysis, the district court held him accountable only for the possession of 5,512 kilograms of cocaine.  Therefore, his actual and relevant conduct were one and the same.

With respect to the second prong of the De Varon analysis, there is insufficient evidence to show that appellant was a minor participant in comparison to others.  Here, the only persons identifiable from the evidence are appellant and the seven other crew members of the vessel.  To the extent that he suggests that there was a broader conspiracy in which he only played a minor part, not only is this argument insufficient for him to establish his entitlement to a minor role, but he has proffered no evidence supporting this claim.  Additionally, he provided no evidence that he was less culpable than the other crew members.  He claims that he was "basically a deck hand on the boat," but he provided no evidence showing that his responsibilities aboard the vessel were less vital to the enterprise than those of the other crew members, particularly the three who, like he, identified themselves as only "crew members."

For the foregoing reasons, we affirm appellant's sentences.[2]

AFFIRMED.

---

[2] When the court asked appellant if he had any objection to his sentences, appellant did not say that they were unreasonable. And he does not raise the reasonableness of his sentences as an issue in his brief. Nonetheless, we have considered the issue and conclude that his sentences are not unreasonable.