[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 11, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-14335
Non-Argument Calendar

_____

D. C. Docket No. 04-00549-CR-T-17-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE FUENTES MELENDEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(September 11, 2006)**

Before ANDERSON, BIRCH and KRAVITCH, Circuit Judges.

PER CURIAM:

Jose Fuentes Melendez appeals his 135-month sentence, imposed following

his guilty plea to conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to United States jurisdiction, and possession with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to United States jurisdiction, all in violation of 46 U.S.C. App. §§ 1903(a) and (g).

According to the record, Melendez and four others were aboard a go-fast boat transporting cocaine. When the authorities moved to intercept the boat, Melendez and the others tossed bales overboard. The total amount of cocaine recovered exceeded 2,600 kilograms.

At sentencing, the court determined that the applicable guidelines range was 135 to 168 months imprisonment. Melendez moved for a minor-role reduction because he was merely a courier and was not the captain of the boat. The court denied the motion, finding that Melendez was an average participant and the quantity of cocaine exceeded 2,600 kilograms. The court then sentenced Melendez to 135 months imprisonment. Melendez now appeals, challenging the denial of his motion and the court's alleged failure to articulate specific reasons for its denial.

We review a district court's determination of a defendant's entitlement to a role reduction for clear error.[1] United States v. Rodriguez De Varon, 175 F.3d 930,

---

[1] After United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the district court is still required to correctly calculate the guidelines range, and the same standards of

938 (11th Cir. 1999) (en banc). The defendant has the burden of establishing his role by a preponderance of the evidence. Id. at 939; see also United States v. Boyd, 291 F.3d 1274, 1277-78 (11th Cir. 2002).

A two-level reduction for playing a minor role in the offense under U.S.S.G. § 3B1.2(b) is warranted if the defendant is less culpable than most other participants, but his role could not be described as minimal. U.S.S.G. § 3B1.2, comment. (n.3). The district court's determination concerning a role reduction is premised on a case-by-case factual inquiry. U.S.S.G. § 3B1.2, comment. (backg'd). Minor-role reductions are to be given infrequently. United States v. Costales, 5 F.3d 480, 486 (11th Cir. 1993).

Two principles guide a district court's consideration of a possible role reduction. First, the district court must assess whether a defendant is a minor participant in the relevant conduct attributed to him in calculating his base offense level. De Varon, 175 F.3d at 941. Second, the district court may assess a defendant's culpability as compared to other participants in the relevant conduct. Id. at 944. It is possible that no one involved in the offense was a minor participant. Id.

After a thorough review of the record, we conclude that the district court did

---

review apply. See United States v. Lee, 427 F.3d 881, 892 (11th Cir. 2005)

3

not clearly err in denying the minor-role reduction. Melendez was held responsible for the amount of drugs he admitted transporting, and he has not shown that other members of the conspiracy were more culpable than he was. "When a drug courier's relevant conduct is limited to [his] own act of importation [or transportation], a district court may legitimately conclude that the courier played an important or essential role in the importation of those drugs." De Varon, 175 F.3d at 942-43. Therefore, the district court properly determined that Melendez was not a minor participant. Moreover, even if Melendez could show that he was less culpable, it is possible than no one was a minor participant. De Varon, 175 F.3d at 944.

We conclude that there was no error in sentencing. The court explained that Melendez was an average participate and that he was being held responsible for the amount of drugs he transported. Such reasons are sufficient to uphold the district court's findings. Accordingly, we **AFFIRM.**