[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 16, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-11977
Non-Argument Calendar

_____

D. C. Docket No. 03-20313-CR-PAS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS HERNANDO SALAS-BUITRAGO,
a.k.a. Lucho,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(November 16, 2006)**

Before DUBINA, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Appellant Luis Hernando Salas-Buitrago ("Salas") appeals his 98-month

sentence for conspiracy to import 500 grams or more of cocaine, in violation of 21 U.S.C. § 963. On appeal, Salas argues that the district court clearly erred in not awarding a minor-role reduction because he was not involved in the drug shipments, he had no equity interest in the drugs, and he never received payment for drug-related activity. He also contends that he only traveled to Ecuador to obtain documentation of the drug seizure after-the-fact, and the trip was merely for the purpose of helping out his neighbor. Although Salas has arguably waived his right to appeal by entering into a plea agreement, we will nevertheless analyze his substantive issue on appeal.

We review the district court's determination of a defendant's role in the offense for clear error. *United States v. DeVaron*, 175 F.3d 930, 937(11th Cir. 1999) (*en banc*). *DeVaron* sets out two principles that should guide the determination of whether a defendant deserves a minor-role sentence reduction pursuant to U.S.S.G. § 3B1.2. *DeVaron*, 175 F.3d at 940. First, the defendant's role in the relevant conduct for which he has been held accountable at sentencing must be evaluated by the district court. *Id.*

Second, the district court may also compare the defendant's culpability to that of other participants in the relevant conduct. *Id.* at 944. A defendant whose role in the relevant conduct was less than that of other participants is not

necessarily entitled to a minor-role reduction where no participants are minor or minimal participants. *Id.* District courts are allowed considerable discretion in making this fact-intensive determination. *United States v. Boyd*, 291 F.3d 1274, 1277-78 (11th Cir. 2002). *DeVaron* requires that "the proponent of the downward adjustment bear[] the burden at all times of establishing her role in the offense by a preponderance of the evidence." *DeVaron*, 175 F.3d at 934.

Here, the record demonstrates that Salas was only held responsible for the 4,479 grams of cocaine seized in Miami on August 5, 2002, and therefore Salas's role must be weighed in relation to this relevant conduct. He was not held responsible for the heroin found in the shipment, and he was not held responsible for any other drug shipments. The record indicates that Castillo, one of the leaders of the drug network, asked Salas if he knew anyone who could transport drugs from Colombia to Quito, Ecuador. When Salas introduced Castillo to Rodriguez in early 2001, Castillo made it clear during the conversation that he wanted Rodriguez to transport cocaine for him. Because Salas was essential in creating the relationship that allowed for the transport of cocaine from Colombia to Ecuador, his role was essential to the delivery of the drug shipment on August 5, 2002. Without this introduction, the drugs would have never arrived in Ecuador to be prepared for shipment to the United States.

With regard to the second prong under *De Varon*, Salas has not shown that he was less culpable than the other participants in the drug conspiracy. Even though Salas may not have played a major role in the actual packaging and transport of the drugs, his role was important. Not only did Salas's actions lead to the establishment of the drug transportation system, but he also played a significant role in helping to maintain the stability of the network when a drug shipment was lost in early 2002. Without his involvement, the network could have unraveled and the August 5th shipment would never have taken place. Even if we accept Salas's assertion that he had a lesser role than his conspirators, that does not necessitate a minor-role reduction. The district court did not clearly err in concluding that Salas was not entitled to a minor-role reduction. Accordingly, Salas's sentence is affirmed.

**AFFIRMED.**