[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 6, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-12922
Non-Argument Calendar

_____

D. C. Docket No. 06-00025-CR-T-26-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS ALBERTO PENALBA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(February 6, 2007)**

Before TJOFLAT, HULL and FAY, Circuit Judges.

PER CURIAM:

Luis Alberto Penalba appeals his two concurrent 135-month sentences for possession with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. app. § 1903(a), (g), and 21 U.S.C. § 960(b)(1)(B)(ii), and conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. app. § 1903(a), (g), (j), and 21 U.S.C. § 960(b)(1)(B)(ii). On appeal, Penalba argues that the district court clearly erred in denying a mitigating-role adjustment. For the reasons set forth more fully below, we affirm.

Penalba and seven codefendants were indicted on the above-mentioned charges, to which Penalba pled guilty. According to the presentence investigation report ("PSI"), on January 12, 2006, the U.S. Coast Guard obtained permission to board and search a Panamanian commercial freighter, ultimately finding 50 bales of cocaine, which weighed 1,134 kilograms. Penalba was identified as the machinist, and the other seven codefendants held the following positions: captain, chief and second engineers, first and second officers, deck seaman, and cook. The freighter's route took it from Spain, to Trinidad, to the Dominican Republic, to Guyana, and to Haiti. In the early morning hours of January 12, 2006, the entire crew participated in the transfer of the 50 bales of cocaine from a go-fast vessel off

2

the coast of Venezuela. Penalba was held accountable for 1,134 kilograms of cocaine at sentencing.

Penalba objected to the failure of the PSI to provide an adjustment for his role in the offense, arguing that, under the facts of this case, his role as a machinist warranted a mitigating role. The district court overruled Penalba's objection, relying on Penalba's role as a machinist and the amount of drugs involved, and reasoning that Penalba's labor was necessary to the cocaine smuggling scheme.

On appeal, Penalba challenges this ruling, arguing that there was no evidence that he ever owned, sold, or otherwise distributed drugs. He argues that he was nothing more than a deck hand involved in courier operations, whose role was to load bales of drugs under the direction of his superiors, and who was not to receive any of the proceeds of the drugs. Based on his role in the context of the entire drug trafficking scheme, Penalba argues that the district court clearly erred in failing to grant a minimal or minor role reduction.

"[A] district court's determination of a defendant's role in the offense is a finding of fact to be reviewed only for clear error." United States v. De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). Section 3B1.2 of the Sentencing Guidelines provides for a two-level decrease if the defendant was a minor participant in any criminal activity, a four-level decrease if the defendant was a

minimal participant, and a three-level decrease for participation between minor and minimal.  U.S.S.G. § 3B1.2.  Section 3B1.2 permits an adjustment to the Guideline range for a defendant who is substantially less culpable than the average participant.  Id. § 3B1.2, comment. (n.3).  A minimal participant is "plainly among the least culpable of those involved in the conduct of a group."  Id. § 3B1.2, comment. (n.4).  "[T]he defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant."  Id.  A defendant is a minor participant if he is less culpable than most other participants, but his role cannot be described as minimal.  Id. § 3B1.2, comment. (n.5).  "The defendant bears the burden of proving his minor role by a preponderance of the evidence."  United States v. Boyd, 291 F.3d 1274, 1277 (11th Cir. 2002).

In determining a defendant's mitigating role in the offense, the district court first "must measure the defendant's role against the relevant conduct for which [he] was held accountable at sentencing" and, second, "may also measure the defendant's role against the other participants, to the extent that they are discernable, in that relevant conduct."  De Varon, 175 F.3d at 945.  Where a drug courier's relevant conduct is limited to his own criminal act, a district court may legitimately conclude that the courier played an important or essential role in that

4

crime.  See id. at 942-43. Furthermore, "where the relevant conduct attributed to a defendant is identical to [his] actual conduct, [he] cannot prove that [he] is entitled to a minor role adjustment simply by pointing to some broader criminal scheme in which [he] was a minor participant but for which [he] was not held accountable." Id. at 941.  As to the second prong, "the district court must determine that the defendant was less culpable than most other participants in [his] relevant conduct." Id. at 944.  Moreover, relative culpability is not necessarily dispositive, as none of the participants may have played a minor or minimal role.  Id.

     With respect to the first prong of the De Varon analysis, Penalba was held accountable only for the 1,134 kilograms of cocaine aboard the vessel, which he helped to transfer from the go-fast boat onto his ship.  Because his actual and relevant conduct were the same, Penalba cannot demonstrate his entitlement to a minor-role reduction by relying on a broader criminal scheme in which he only played a minor part.  Id. at 941.  Moreover, with respect to the second prong of the De Varon analysis, the only other participants discernable from the evidence and involved in the relevant conduct attributed to Penalba were the seven other crew members; the conduct of participants in a larger criminal conspiracy is irrelevant. Id. at 944.  Along with the rest of the crew, Penalba transferred the 50 bales of cocaine from the go-fast boat and onto their ship.  Penalba, who served as the

5

machinist on the vessel, provided no evidence showing that his responsibilities aboard the vessel were less important to the enterprise than those of the other crew members. Because Penalba's actual and relevant conduct were identical and involved 1,134 kilograms of cocaine, Penalba served as the machinist and provided no evidence showing that his responsibilities aboard the vessel were less important to the enterprise than those of the other crew members, and Penalba participated in transferring the cocaine onto the vessel, we hold that the district court did not clearly err in denying a mitigating-role adjustment.

In light of the foregoing, we **AFFIRM.**