[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 25, 2011
JOHN LEY
CLERK

No. 10-14608
Non-Argument Calendar

_____

D.C. Docket No. 1:10-cr-20401-JAL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID FERNANDO EGUEZ-AVILA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 25, 2011)

Before WILSON, MARTIN and BLACK, Circuit Judges.

PER CURIAM:

David Fernando Eguez-Avila appeals his 37-month sentence, which was

imposed after he pleaded guilty to importing 500 grams or more of cocaine into

the United States, in violation of 21 U.S.C. §§ 952(a) and 960(b)(2)(B). Eguez-Avila argues that the district court erred in denying his request for a minor-role reduction under U.S.S.G. § 3B1.2. Specifically, he argues that the court committed clear error by finding his status as a courier dispositive and failing to properly weigh the applicable factors.

We review a district court's denial of a minor-role reduction for clear error. United States v. Bernal-Benitez, 594 F.3d 1303, 1320 (11th Cir. 2010). This review is highly deferential, which reflects the "considerable discretion [of the district court] in making this fact-intensive determination." United States v. Boyd, 291 F.3d 1274, 1277–78 (11th Cir. 2002).

The proponent of the reduction has the burden of proving by a preponderance of the evidence that his role in the offense was minor. United States v. Rodriguez De Varon, 175 F.3d 930, 939 (11th Cir. 1999) (en banc). "Only if the defendant can establish that [he] played a relatively minor role in the conduct for which [he] has already been held accountable—not a minor role in any larger criminal conspiracy—should the district court grant a downward adjustment for minor role in the offense." Id. at 944. The court may also examine the defendant's role in relation to other discernible participants, to the extent they are involved in the relevant conduct itself. Id. at 944–45. "[W]hen a drug courier's

2

relevant conduct is limited to her own act of importation, a district court may legitimately conclude that the courier played an important or essential role in the importation of those drugs." Id. at 942–43.

After thorough review, we conclude that the district court did not err in denying Eguez-Avila's request for a minor role reduction. To the contrary, the district court made two factual findings that render the sentence permissible. First, the court concluded that, based on Eguez-Avila's statements, he was equally culpable to others involved in the conduct for which he was being held accountable. Second, it also concluded that Eguez-Avila was an "integral" part of the smuggling operation. This is consistent with the analysis we set forth in De Varon, 175 F.3d at 944–45, and more importantly is the same rationale upon which we affirmed a district court's identical denial of a minor-role reduction in Boyd, 291 F.3d at 1278. Thus, as we did in Boyd, we hold that the district court did not clearly err in denying Eguez-Avila's request for a minor-role reduction. See id.

As a result, we affirm Eguez-Avila's sentence.

**AFFIRMED.**