[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-12804
Non-Argument Calendar

_____

D.C. Docket No. 1:12-cr-20580-KMM-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JULIO ORTEGA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 17, 2013)

Before WILSON, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Julio Ortega appeals his concurrent thirty-three-month sentences after being

convicted of one count of conspiracy to encourage and induce an alien to enter the

United States illegally, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(iv), 1324(a)(1)(A)(v)(I) and six counts of encouraging and inducing aliens to enter the United States, in violation of 8 U.S.C. § 1324(a)(1)(A)(iv) and 18 U.S.C. § 2.  On appeal, Ortega argues that he should have received a two-level downward adjustment during his sentencing for his minor role in the offense pursuant to U.S.S.G. § 3B1.2(b).

"[W]hether a defendant qualifies for a minor role adjustment under the Guidelines is a finding of fact that will be reviewed only for clear error."  *United States v. Rodriguez De Varon*, 175 F.3d 930, 934 (11th Cir. 1999) (en banc).  The defendant bears the burden of proving his role in the offense by a preponderance of the evidence.  *Id.* at 934.

The district court has "considerable discretion" in determining whether defendant is entitled to a minor role reduction.  *United States v. Boyd*, 291 F.3d 1274, 1277–78 (11th Cir. 2002).  In making its decision, "the district court *must* measure the defendant's role against the relevant conduct for which [he] has been held accountable."  *Rodriguez De Varon*, 175 F.3d at 940 (emphasis added).  "[W]here the relevant conduct attributed to a defendant is identical to [his] actual conduct, [he] cannot prove that [he] is entitled to a minor role adjustment simply by pointing to some broader criminal scheme in which [he] was a minor participant but for which [he] was not held accountable."  *Id.* at 941.  Additionally, the district

court *may* compare the defendant's culpability "to that of other participants in the relevant conduct." *Id.* at 944. However, the court may only consider other participants that can be discerned from the evidence and that participated in the relevant conduct. *Id.*

Upon review of the record and consideration of the parties' briefs, we cannot say that the district court clearly erred when it determined that Ortega did not play a minor role in the scheme to encourage and induce aliens to enter the United States. He actively participated in the efforts to bring several aliens to the United States by aiding them in boarding the vessel that would transport them. In addition, he advised them of what to say if the vessel was stopped by authorities and aided in the vessel's operation. Furthermore, he did not demonstrate that he was less culpable than his co-conspirator. Therefore, the district court did not clearly err in denying Ortega a minor-role adjustment. Accordingly, we affirm the sentences.

**AFFIRMED.**