[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15405
Non-Argument Calendar
_____

D.C. Docket No. 0:16-cr-60047-BB-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ISRAEL TORRES ARELLANO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 24, 2017)

Before JORDAN, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Israel Torres Arellano appeals his 75-month sentence, imposed below the guideline range, after he pled guilty to one count of conspiracy to possess with intent to distribute 500 grams or more of methamphetamine.  On appeal, Torres Arellano argues that the district court should have applied a two-point minor role reduction when calculating his sentence because he played a limited role in the conspiracy and was less culpable than another conspirator who received a minor role reduction.

We review the district court's determination of whether or not a defendant qualifies for a minor role reduction for clear error.  *United States v. Rodriguez De Varon*, 175 F.3d 930, 937-938 (11th Cir. 1999).  The district court has "considerable discretion in making this fact-intensive determination." *United States v. Boyd*, 291 F.3d 1274 (11th Cir. 2002).  Section 3B1.2(b) of the Sentencing Guidelines states that if a defendant was a minor participant in the crime, his offense level should be decreased by two points.  U.S.S.G. § 3B1.2(b).  A minor participant is a defendant who is less culpable than most other participants, but whose role could not be described as minimal.  *Id.* § 3B1.2, comment. (n.5).  The defendant bears the burden of proving a mitigating role by a preponderance of the evidence, and we have recognized that the role determination is "uniquely fact-intensive." *Rodriguez De Varon*, 175 F.3d at 939-40.

2

In determining a defendant's role in the offense, a district court must consider first the defendant's role in the relevant conduct that he is being held accountable for at sentencing and second the defendant's role compared to other participants in the relevant conduct. *Id.* at 940-941, 944. To be entitled to a reduction, a defendant must prove that he was less culpable than most other participants that engaged in the same relevant conduct. *Id.* at 944. A district court "is not required to make any specific findings other than the ultimate determination of the role in the offense." *Id.* at 940. A district court's decision will rarely constitute clear error so long as it is supported by the record and is not a misapplication of the law. *Id.* at 945.

The district court did not err in deciding not to apply the two-point minor role reduction when calculating Torres Arellano's sentence. The district court found that Torres Arellano played an important part in the conspiracy and was not less culpable than the other members of the conspiracy, and therefore concluded that he did not merit a minor role reduction under U.S.S.G. § 3B1.2(b). *See Rodriguez de Varon*, 175 F.3d at 940-41, 944. Specifically, the court found that Torres Arellano was the main point of contact for the conspiracy who arranged transactions with the confidential source, received the money, and recruited his friend Pinzon Urtecho to accompany him. Because the conclusion was supported

3

by the record and was not a misapplication of law, it was not clear error.  *Id.* at

945.  Accordingly, we affirm Torres Arellano's sentence.

**AFFIRMED.**