[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-10778

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

CARLOS ALBERTO QUINCHIA-CARMONA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cr-20305-BB-1

_____

Before JILL PRYOR, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Carlos Quinchia-Carmona appeals his sentence of 65 months' imprisonment for conspiracy to import 5 or more kilograms of cocaine into the United States. He argues on appeal that the district court clearly erred when it declined to give him a minimal-role reduction and instead gave him a minor-role reduction under § 3B1.2 of the United States Sentencing Guidelines. We disagree, and we therefore affirm.

## I.

Quinchia-Carmona pleaded guilty to one count of conspiracy to distribute five kilograms or more of cocaine into the United States, in violation of 21 U.S.C. § 963. The factual proffer for the plea stated that Quinchia-Carmona helped repair a dock and prepare a waterfront home and a second "stash house" in Puerto Rico for the arrival of a boat containing 580 kilograms of cocaine from South America. The factual proffer further stated that when the boat arrived at the waterfront home in Puerto Rico, Quinchia-Carmona helped load the cocaine into duffle bags and move it first into the waterfront home and then into the stash house. It also stated that Quinchia-Carmona was paid $70,000 for his help in offloading the cocaine. Quinchia-Carmona signed the factual proffer and admitted during his plea colloquy that the facts in the proffer were true.

At sentencing, Quinchia-Carmona argued that a four-level "minimal-role" reduction should be applied to his Sentencing Guidelines offense level because his involvement in the offense was limited to picking up duffel bags from a boat, carrying them to a house, then transporting them to another house nearby. He argued that he played a minimal role in the conspiracy in comparison to the mastermind of the scheme, and that he was the least important member of the conspiracy because anyone could have performed the tasks that he did, and other people involved had much more specialized roles in the conspiracy.

The district court agreed that Quinchia-Carmona was less culpable than most of the other participants in the conspiracy, but it determined that he was entitled to only a two-level "minor-role" reduction, not a four-level "minimal-role" reduction. Applying that reduction, the court calculated an adjusted offense level of 27. With Quinchia-Carmona's criminal-history category (I), the adjusted offense level resulted in a Guidelines range of 70–87 months in prison. The district court imposed a below-guideline sentence of 65 months in prison followed by 5 years of supervised release. Quinchia-Carmona now appeals.

## II.

We review a district court's denial of a role reduction for clear error. *United States v. Cruickshank*, 837 F.3d 1182, 1192 (11th Cir. 2016). District courts have "considerable discretion in making this fact-intensive determination." *United States v. Boyd*, 291 F.3d 1274, 1277–78 (11th Cir. 2002). As long as the "court's decision is

supported by the record and does not involve a misapplication of a rule of law," the "choice between two permissible views of the evidence as to the defendant's role in the offense will rarely constitute clear error." *Cruickshank*, 837 F.3d at 1192 (quotation omitted). The defendant has the burden of proving his mitigating role in the offense by a preponderance of the evidence when he requests a downward adjustment. *United States v. De Varon*, 175 F.3d 930, 939 (11th Cir. 1999) (en banc).

The Sentencing Guidelines provide for a two- to four-level mitigating-role reduction for defendants whose role in an offense makes them "substantially less culpable than the average participant in the criminal activity." U.S.S.G § 3B1.2, cmt. n.3(A). The four-level reduction is reserved for defendants who played "a minimal role in the criminal activity," and were "plainly among the least culpable of those involved in the conduct of a group." *Id.*, cmt. n.4. A "defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant." *Id.* For purposes of the two-level reduction, a minor participant is one "who is less culpable than most other participants, but whose role could not be described as minimal." *Id.*, cmt. n.5.

The determination of whether to apply a mitigating-role adjustment "is heavily dependent upon the facts of the particular case." *Id.*, cmt. n.3(C). "Two principles guide a district court's consideration: (1) the court must compare the defendant's role in the offense with the relevant conduct attributed to him in calculating

22-10778                Opinion of the Court                5

his base offense level; and (2) the court may compare the defendant's conduct to that of other participants involved in the offense." *United States v. Alvarez-Coria*, 447 F.3d 1340, 1343 (11th Cir. 2006).

As to the first principle, the foremost consideration is the defendant's role as measured "against the relevant conduct for which she has been held accountable." *De Varon*, 175 F.3d at 940. Thus, "where the relevant conduct attributed to a defendant is identical to her actual conduct," she cannot establish that she is entitled to a mitigating-role adjustment "simply by pointing to some broader criminal scheme in which she was a minor participant but for which she was not held accountable at sentencing." *Id.* at 941. In many cases, measuring the defendant's role against the relevant conduct for which he was held accountable at sentencing will be dispositive in the mitigating-role analysis. *United States v. Bernal-Benitez*, 594 F.3d 1303, 1321 n.25 (11th Cir. 2010)

As to the second principle, the district court may also measure the defendant's role against the other discernable participants in the relevant conduct. *De Varon*, 175 F.3d at 944–45. Only those participants who were involved in the relevant conduct attributed to the defendant should be considered in this comparison. *Id.* at 944. And even "if a defendant played a lesser role than the other participants, that fact does not entitle her to a role reduction since it is possible that none are minor or minimal participants." *United States v. Martin*, 803 F.3d 581, 591 (11th Cir. 2015) (quotation omitted).

The district court did not clearly err in finding that Quinchia-Carmona was entitled to a minor-role reduction rather than a minimal-role reduction. The record supports the district court's determination that Quinchia-Carmona was less culpable than others involved in the conspiracy to import cocaine into Puerto Rico, in that he did not plan the offense and did not appear to have decision-making authority. *See* U.S.S.G § 3B1.2, cmt. n.3(C). But he appeared to have some knowledge of the scope and structure of the drug-importation scheme, given his cooperation with other participants in offloading the cocaine from the boat. *See id*. And his role in that scheme was not minimal; he was personally involved in preparing the delivery site and the stash house and unloading and transporting 580 kilograms of cocaine in Puerto Rico. *Cf. De Varon*, 175 F.3d at 943 (where the defendant participates as a drug courier, "the amount of drugs imported is a material consideration in assessing a defendant's role in her relevant conduct"). Additionally, Quinchia-Carmona received a substantial payment of $70,000 for aiding the conspiracy.

### III.

For the reasons discussed above, we affirm Quinchia-Carmona's conviction and sentence.

**AFFIRMED.**