[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-10786

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JONAS MIRAMONTES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:19-cr-60374-RAR-1

_____

Before NEWSOM, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

Jonas Miramontes pleaded guilty to conspiring to possess methamphetamine with the intent to distribute it. He appeals the district court's denial of a minor role adjustment to his offense level at sentencing. But because the district court did not clearly err in finding that Miramontes played more than a minor role in the meth conspiracy, we affirm the district court's sentence.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In December 2018, law enforcement became aware of a South Florida drug trafficking ring selling methamphetamine. An undercover agent arranged a drug purchase through a contact in the drug trafficking ring, who informed the undercover agent that two men would arrive separately to complete the transaction: one to deliver the drugs, and one to collect $120,000 as payment.

At the arranged time, Miramontes and his co-conspirator, Carlos Alvarez, met up with the undercover agent to complete the deal. Miramontes retrieved a box from his car that contained roughly twenty-two pounds of meth. Once the undercover agent confirmed that Alvarez was supposed to receive the money and split some of it with Miramontes after the deal, law enforcement arrested both of them.

In a post-arrest interview, Miramontes explained that he agreed to deliver drugs to help pay off a family member's debt. He

received the drugs in North Florida and drove them to Fort Lauderdale, where he met Alvarez at a rented house and stashed the drugs in a closet for a few days before the deal with the undercover agent. Miramontes also admitted that this wasn't his first meth deal. He completed similar transactions on multiple prior occasions.

The co-conspirator, Alvarez, also made a post-arrest statement. He said that, before the deal with the undercover agent, he had been in contact with a Mexican national who arranged the deal, told him to rent a house, and told him to accompany Miramontes to the sale.

The government charged Miramontes in a two-count indictment with conspiracy to possess with intent to distribute methamphetamine, and possession with intent to distribute at least five hundred grams of meth. Miramontes pleaded guilty to the conspiracy charge.

At his sentencing, Miramontes sought to reduce his offense level by two levels because he played a minor role in the offense. He argued that his participation in the drug conspiracy was as a "pure" transporter who only did as he was told and was "way down the totem pole" in the drug organization. Miramontes also explained that the cartel responsible for the drug trafficking conspiracy had threatened to kill his brother if he didn't cooperate with them.

The district court declined to apply a minor role reduction. It found that the purity and amount of drugs involved—over twenty pounds of ninety-seven percent pure methamphetamine—

was evidence that Miramontes had some "responsibility being delegated." The district court also compared Miramontes with Alvarez—who *did* receive a minor role reduction to his offense level—and concluded that the evidence showed Alvarez knew less about the drug conspiracy and had been instructed only on receiving payment for Miramontes's delivery. And, the district court reasoned, the distance Miramontes traveled to deliver the drugs also weighed against a minor role reduction.

Without the minor role reduction, the sentencing guidelines range was 87 to 108 months' imprisonment. But the district court varied downward and sentenced Miramontes to 75 months' imprisonment. Miramontes appeals the district court's minor role finding.

## STANDARD OF REVIEW

We review the denial of a minor role reduction for clear error. *United States v. Cruickshank*, 837 F.3d 1182, 1192 (11th Cir. 2016). "The district court's 'choice between two permissible views of the evidence' as to the defendant's role in the offense will rarely constitute clear error 'so long as the basis of [its] decision is supported by the record and does not involve a misapplication of a rule of law.'" *Id.* (alteration accepted) (quoting *United States v. De Varon*, 175 F.3d 930, 945 (11th Cir. 1999) (en banc)).

## DISCUSSION

The sentencing guidelines provide for a two-level reduction in a defendant's offense level where he "was a minor participant in

any criminal activity." U.S.S.G. § 3B1.2(b). Whether a defendant is entitled to a minor role reduction depends on "two principles": "first, the defendant's role in the relevant conduct for which [he] has been held accountable at sentencing, and, second, [his] role as compared to that of other participants" in the relevant conduct. *De Varon*, 175 F.3d at 940. In considering the defendant's role in the relevant conduct, the guidelines look to his: (1) understanding of "the scope and nature of the criminal activity"; (2) involvement in "planning or organizing the criminal activity"; (3) level of "decision-making authority" in committing the offense; (4) "participation" in the crime; and (5) expected benefit from the activity. U.S.S.G. § 3B1.2, cmt. n.3(C).

Here, applying these factors to the sentencing record, the district court's minor role finding was not clearly erroneous. First, the evidence showed that Miramontes knew he was transporting more than twenty pounds of pure meth over a long distance, and that he had a "vested interest" in the transaction because he planned to use the money to pay off his brother's debt and protect him from a drug cartel. *See De Varon*, 175 F.3d at 942–43 (explaining that "the amount of drugs imported is a material consideration in assessing a defendant's role"); *United States v. Asseff*, 917 F.2d 502, 504, 507 (11th Cir. 1990) (defendant who agreed to move car containing drugs in exchange for $1000 was not a minor participant in light of his "apparent knowledge of [his] criminal activity and the great amount of cocaine involved"). And second, the evidence showed that Miramontes drove the meth half the length of Florida to Fort Lauderdale, hid the drugs, and then delivered the meth to

the undercover agent. *See* U.S.S.G. § 3B1.2, cmt. n.3(C)(iv) (considering "the nature and extent of the defendant's participation in the commission of the criminal activity" as part of the minor role determination).

Miramontes argues that these facts didn't "demonstrate" a greater relative role in the offense. But we think they do. Based on their post-arrest statements, Miramontes knew more about the scheme than his co-conspirator, Alvarez. And, as the district court found, the cartel had more "confidence" in Miramontes than Alvarez because it trusted Miramontes to transport, hide, and deliver twenty pounds of its pure meth.

Miramontes also argues that he was merely the "delivery boy" or "mule," and thus his role in the offense was minor. But we have consistently rejected the argument that "a defendant's status as a drug courier" necessarily means that he was a minor participant. *See De Varon*, 175 F.3d at 942; *accord United States v. Smith*, 918 F.2d 1551, 1566 (11th Cir. 1990) (holding that "a drug courier is not necessarily a minor or minimal participant" under section 3B1.2); *United States v. Boyd*, 291 F.3d 1274, 1278 (11th Cir. 2002) (explaining that *De Varon*'s holding as to drug couriers is still binding under revised sentencing guidelines commentary). Based on the sentencing record in this case, the district court did not clearly err in finding otherwise.

**AFFIRMED.**