**NOT FOR PUBLICATION**

# In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-12178

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

CESAR DANIEL PEREZ VERA,
a.k.a. Cesar Daniel Perez Vera Darwin,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:24-cr-00500-SDM-TGW-3

_____

Before JILL PRYOR, NEWSOM, and WILSON, Circuit Judges.

PER CURIAM:

Cesar Perez Vera appeals his 108-month sentence for conspiracy to possess with intent to distribute five or more kilograms

of cocaine while on board a vessel subject to the jurisdiction of the United States, and aiding and abetting possession of five or more kilograms of cocaine with intent to distribute.  He argues that the district court imposed a procedurally unreasonable sentence when it failed to apply a minor-role reduction in calculating his offense level and advisory sentencing range.  We affirm the district court.

**I**

We review the district court's finding that a defendant did not merit a minor-rule adjustment for clear error.  *United States v. De Varon*, 175 F.3d 930, 937 (11th Cir. 1999) (en banc).  The defendant has the burden of proving his minor role in the offense by a preponderance of the evidence.  *Id.* at 939.  The district court has "considerable discretion" in determining whether a role reduction is appropriate.  *United States v. Boyd*, 291 F.3d 1274, 1277–78 (11th Cir. 2002).  So long as the court's decision is "supported by the record and does not involve a misapplication of a rule of law," the "choice between 'two permissible views of the evidence'" as to the defendant's role in the offense will rarely constitute clear error.  *De Varon*, 175 F.3d at 945 (emphasis omitted).

Section 3B1.2 of the Sentencing Guidelines provides for a two-level reduction if a defendant was a minor participant in the criminal activity.  U.S.S.G. § 3B1.2(b).  A minor participant is someone "who is less culpable than most other participants in the criminal activity, but whose role could not be described as minimal."  *United States v. Gruezo*, 66 F.4th 1284, 1293 (11th Cir. 2023) (quoting U.S.S.G. § 3B1.2 cmt. 5).  The determination of whether to apply a

minor-role adjustment is based on the "totality of the circum-stances." *United States v. Cruickshank*, 837 F.3d 1182, 1195 (11th Cir. 2016) (citing *De Varon*, 175 F.3d at 945).

Here, the district court did not clearly err. Perez Vera argues that there was no evidence that he took a leadership role in the criminal venture, understood its scope and structure, or had any financial benefit tied to success of the criminal conspiracy. But the burden of proof here rests with Perez Vera, not the government. *See De Varon*, 175 F.3d at 939. And the government was able to show that Perez Vera knew the vessel was carrying cocaine before it left the shore, served as a crew member on it, and willingly agreed to smuggle the cocaine through international waters to distribute it to others. We've said before that one's "involvement . . . as a crewmember of a vessel that was smuggling a large quantity of drugs . . . [is] serious and important enough to warrant the denial of a minor-rule reduction under § 3B1.2." *Gruezo*, 66 F.4th at 1294. It was sufficient that the defendant "knowingly participated in the illegal transportation of a large quantity of cocaine, he and his transportation role were important to that scheme, and he was held accountable for that conduct only." *Id.* So too here.

**AFFIRMED.**