[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 27, 2007
THOMAS K. KAHN
CLERK

No. 06-14480
Non-Argument Calendar
_____

D. C. Docket No. 06-00088-CR-T-23-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILSON ASPRILLA-ARIAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(February 27, 2007)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Wilson Asprilla-Arias appeals his 135-month sentence, imposed after he pled guilty to possessing five kilograms or more of cocaine, with the intent to distribute, while aboard a vessel subject to the jurisdiction of the United States, in

violation of 46 U.S.C. app. §§ 1903(a) and (g), 18 U.S.C. § 2, and 21 U.S.C. § 960(b)(1)(B)(ii) (Count Two); and conspiracy to do the same, in violation of 46 U.S.C. app. §§ 1903(a), (g) and (j) and 21 U.S.C. § 960(b)(1)(B)(ii) (Count One). On appeal, Asprilla-Arias argues the district court erred by finding that he did not qualify for a minor-role adjustment under U.S.S.G. § 3B1.2. Asprilla-Arias suggests the district court failed to consider adequately that he was only a crew member, or "mule," on the vessel and had no financial stake in the cocaine, was unable to exercise decision-making authority in the context of the overall conspiracy, and had no say in the planning, supplying, or destination of the cocaine. Asprilla-Arias also urges that he was a minor participant when compared with the "major transporters" and owners of the drugs. After careful review, we affirm.

A defendant seeking a minor-role reduction bears the burden of proving that he is entitled to the reduction by a preponderance of the evidence. United States v. De Varon, 175 F.3d 930, 939 (11th Cir. 1999) (en banc). The district court's determination of a defendant's role in a criminal offense "is heavily dependent upon the facts of the particular case." U.S.S.G. § 3B1.2 cmt. n.3(C). Accordingly, we review that determination for only clear error. De Varon, 175 F.3d at 937. "So long as the basis of the trial court's decision is supported by the record and does

2

not involve a misapplication of a rule of law, . . . it will be rare for an appellate court to conclude that the sentencing court's determination is clearly erroneous." Id. at 945.

The Guidelines provide for a two-level decrease when the defendant is a minor participant in any criminal activity. See U.S.S.G. § 3B1.2(b). A minor participant is defined as "any participant who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, comment. (n.3). To determine whether the adjustment applies, a district court first must measure the defendant's role against the conduct for which he has been held accountable. See De Varon, 175 F.3d at 934. In drug courier cases, "the amount of drugs imported is a material consideration in assessing a defendant's role in [his] relevant conduct" and "may be dispositive -- in and of itself -- in the extreme case." De Varon, 175 F.3d at 943.

Second, where there is sufficient evidence, a court also may measure the defendant's conduct against that of other participants in the criminal scheme attributed to the defendant. See id. In making this inquiry, a district court should look to other participants only to the extent that they (1) are identifiable or discernable from the evidence, and (2) were involved in the relevant conduct attributed to the defendant. See id. at 944 (stating that "[t]he conduct of

3

participants in any larger criminal conspiracy is irrelevant"). "[W]here the relevant conduct attributed to a defendant is identical to [his] actual conduct, [he] cannot prove that [he] is entitled to a minor role adjustment simply by pointing to some broader criminal scheme in which [he] was a minor participant but for which [he] was not held accountable." Id. at 941. The defendant bears the burden of establishing his minor role by a preponderance of the evidence." United States v. Boyd, 291 F.3d 1274, 1277 (11th Cir. 2002).

Here, the relevant conduct attributed to Asprilla-Arias at sentencing was the importation and possession of approximately 3,129 kilograms of cocaine and eight kilograms of heroin, which represented the amount of narcotics found on the vessel when it was intercepted with Asprilla-Arias onboard. Notably, Asprilla-Arias did not object to the PSI's calculation of the amount of narcotics found in the vessel. Nor did he object the PSI's statement of facts, which included that Asprilla-Arias helped steer the go-fast boat and that Asprilla-Arias was being paid for his service as a crew member. Because Asprilla-Arias was held responsible only for the amount of cocaine he personally smuggled, which we note was a significant quantity, his relevant conduct was sufficient to support the district court's factual finding that he played an integral role in the importation of 3,137 kilograms of narcotics. Cf. De Varon, 175 F.3d at 943 (noting that the "amount of

4

drugs is a relevant factor and recogniz[ing] that under some circumstances it may be dispositive"). Therefore, the first principle of <u>De Varon</u> precludes application of a minor-role reduction.[1]

On this record, the district court did not clearly err in denying Asprilla-Arias's request for a minor-role reduction. Accordingly, we affirm his sentence.

**AFFIRMED.**

---

[1] Given the defendant's failure to carry his burden on the first prong, we need not reach the second <u>De Varon</u> prong, but we nevertheless observe that this second principle would also defeat the award of a minor-role reduction here. With the possible exception of the boat's captain, Asprilla-Arias's conduct was <u>identical</u> to that of his co-defendants, who were other crew members. The conduct of "the major transporters and owners of the drugs" referenced in Asprilla-Arias's brief is irrelevant, as he was not charged with, nor held responsible for, a larger conspiracy to import or distribute drugs, and, in any event, these individuals are not identifiable from the evidence. See <u>De Varon</u>, 175 F.3d at 944.

5