[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-13942
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 5, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:09-cr-00514-TWT-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TOMAS CISNEROS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(May 5, 2011)

Before MARCUS, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Tomas Cisneros appeals from his 210-month total sentence for conspiracy to distribute at least 5 kilograms of cocaine and 1,000 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii), (vii), and 846, and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). Cisneros argues on appeal that the court clearly erred in denying his request for a minor-role reduction, pursuant to U.S.S.G. § 3B1.2, because he was the least culpable in the conspiracy for which he was held accountable. After through review, we affirm.

We review a district court's denial of a role reduction for clear error. United States v. Bernal-Benitez, 594 F.3d 1303, 1320 (11th Cir.), cert. denied, 130 S.Ct. 2123 (2010). The defendant bears the burden of establishing his minor role in the offense by a preponderance of the evidence. Id. When determining a defendant's role in the offense, "the district court has considerable discretion in making this fact-intensive determination." United States v. Boyd, 291 F.3d 1274, 1277-78 (11th Cir. 2002). Furthermore, "[i]n making the ultimate determination of the defendant's role in the offense, the sentencing judge has no duty to make any specific subsidiary factual findings." United States v. De Varon, 175 F.3d 930, 939 (11th Cir. 1999) (en banc). "So long as the district court's decision is supported by the record and the court clearly resolves any disputed factual issues, a simple statement of the district court's conclusion is sufficient." Id. (emphasis omitted).

2

The Sentencing Guidelines provide for a two-level decrease to a sentencing calculation if a defendant was a minor participant in the criminal activity. U.S.S.G § 3B1.2(b). A minor participant is one "who is less culpable than most other participants, but whose role could not be described as minimal." Id., comment. (n.5). Under the De Varon two-prong test, the district court (1) must compare the defendant's role in the offense with the relevant conduct for which he has been held accountable; and (2) the court may compare the defendant's conduct with that of the other participants in the relevant conduct. Bernal-Benitez, 594 F.3d at 1320. "The fact that a defendant's role may be less than that of other participants engaged in the relevant conduct may not be dispositive of role in the offense, since it is possible that none are minor or minimal participants." De Varon, 175 F.3d at 944.

Since Cisneros relies on the fact that he only delivered drugs and money as directed by others, it is noteworthy that in De Varon we declined to presume that a drug courier would either always or never qualify for a minor-role reduction, holding instead that a "district court must assess all of the facts probative of the defendant's role in h[is] relevant conduct in evaluating the defendant's role in the offense." Id. at 942-43. Some relevant factual considerations we identified include (1) amount of drugs, (2) fair market value of drugs, (3) amount of money to be paid to the courier, (4) equity interest in the drugs, (5) role in planning the criminal scheme, and (6) role

in the distribution.  Id. at 945.  However, this list is not exhaustive, and, ultimately, the final analysis "falls within the sound discretion of the trial court."  Id.

In this case, the district court did not clearly err in finding that a minor-role reduction was not warranted for Cisneros, who was a participant "involved in the loading and unloading of the drugs and money over a lengthy period of time and in many individual transactions."  Cisneros was held accountable for 9 different drug drops/money pick-ups over the course of several months, in which he personally transported 85 kilograms of cocaine and $1.8 million in cash, with another co-conspirator transporting an additional $550,000.  Cisneros's active role, as well as the large drug quantity involved, support the district court's finding that Cisneros was not a minor participant in his relevant conduct, which is a factual finding left to the sound discretion of the trial court.  See id. at 943, 945.  The court also compared Cisneros to others in the offense, stating that there were participants with a more aggravated role, but finding that the record did not clearly establish that Cisneros was less culpable than most of the other participants.  The court further noted that it did not give a minor-role reduction to the truck drivers, and Cisneros's supervisor, Arias-Reyes, received a sentence enhancement for his supervisory role.  Therefore, the court's denial of the minor-role reduction was not clearly erroneous.

**AFFIRMED.**

4