[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-15852
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 7, 2011
JOHN LEY
CLERK

D.C. Docket No. 8:10-cr-00062-JDW-TBM-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESUS TAPIA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 7, 2011)

Before TJOFLAT, CARNES and ANDERSON, Circuit Judges.

PER CURIAM:

Jesus Tapia appeals his 108-month sentence, imposed after pleading guilty to conspiracy to possess with intent to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. On appeal, Tapia argues that the district court erred in denying his request for a minor-role reduction, pursuant to U.S.S.G. § 3B1.2(b), by failing to recognize his limited role as a mechanic at the bottom of the hierarchy, his lack of knowledge or understanding of the scope and structure of the criminal enterprise, his receipt of a flat-fee payment, and his lack of an ownership interest in the venture.

We "review a district court's denial of a role reduction for clear error." *United States v. Bernal-Benitez*, 594 F.3d 1303, 1320 (11th Cir.), *cert. denied*, 130 S.Ct. 2123 (2010). "[T]he proponent of the downward adjustment bears the burden at all times of establishing [his] role in the offense by a preponderance of the evidence." *United States v. De Varon*, 175 F.3d 930, 934 (11th Cir. 1999) (*en banc*). When determining a defendant's role in the offense, "the district court has considerable discretion in making this fact-intensive determination . . . ." *United States v. Boyd*, 291 F.3d 1274, 1277-78 (11th Cir. 2002). Furthermore, "[i]n making the ultimate determination of the defendant's role in the offense, the sentencing judge has no duty to make any specific subsidiary factual findings." *De Varon*, 175 F.3d at 939. "So long as the district court's decision is supported

2

by the record and the court clearly resolves any *disputed* factual issues, a simple statement of the district court's conclusion is sufficient." *Id.* (emphasis in original).

When an offense is committed by more than one participant, a role reduction under U.S.S.G § 3B1.2 may apply, and a defendant may receive a four-level decrease in his base offense level if his role in the offense was minimal, a two-level decrease if his role was minor, and a three-level decrease if his role was somewhere in between. U.S.S.G. § 3B1.2; *see also* U.S.S.G. § 3B1.2, comment. (n.2). These reductions are available "for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant." U.S.S.G. § 3B1.2, comment. (n.3(A)). Section 3B1.2 of the Sentencing Guidelines authorizes a district court to reduce a defendant's offense level by two levels if the defendant was a "minor participant" in the criminal activity. U.S.S.G. § 3B1.2(b). A "minor participant" means any participant "who is less culpable than most other participants, but whose role could not be described as minimal." *Id.*, comment. (n.5).

In determining whether a minor-role adjustment applies, the district court should consider the following two principles. The court should consider "first, the defendant's role in the relevant conduct for which [he] has been held accountable

at sentencing, and, second, [his] role as compared to that of other participants in [his] relevant conduct." *De Varon*, 175 F.3d at 940. As to the first prong of the *De Varon* analysis, we explained that "[o]nly if the defendant can establish that [he] played a relatively minor role in the conduct for which [he] has already been held accountable—not a minor role in any larger criminal conspiracy—should the district court grant a downward adjustment for minor role in the offense." *Id.* at 944. With regard to the second prong of the *De Varon* analysis, we determined that a district court should look at other participants only to the extent that they (1) "are identifiable or discernable from the evidence," and (2) "were involved in the relevant conduct attributed to the defendant." *Id.* In order to satisfy the second prong, the defendant must show he is less culpable than most other participants in his relevant conduct. *Id.* We recognized, however, that the first prong set forth in *De Varon* may, in many cases, be dispositive. *Id.* at 945. In some cases, even the least culpable participant in the conspiracy will not be entitled to a minor-role adjustment. *Id.* at 944.

In general, U.S.S.G. § 1B1.3(a)(1)(B) provides that "in the case of a jointly undertaken criminal activity," a defendant's relevant conduct includes "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity, that occurred during the commission of the offense

4

of conviction, in preparation of that offense, or in the course of attempting to avoid detection or responsibility for that offense."

The district court did not clearly err in denying Tapia a minor-role reduction pursuant to U.S.S.G. § 3B1.2(b) because Tapia failed to meet his burden of showing that his role, as compared to the relevant conduct for which he was held accountable, was minor. The district court held Tapia accountable only for the amount of drugs he transported, and he possessed mechanical skills beyond that of the average person and was the only person able to access the cocaine and money proceeds hidden in secret compartments in two transportation vehicles critical to the conspiracy. In addition, the district court correctly concluded that his culpability, as compared to the other participants in the relevant conduct, was essentially the same, such that he was not substantially less culpable than the average participant. Accordingly, we affirm.

**AFFIRMED.**[1]

---

[1] Tapia's Motion for Leave to File Out of Time Reply Brief is GRANTED.