[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13101
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-20943-WJZ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERICK LORMIL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 8, 2014)

Before WILSON, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Erick Lormil appeals his 42-month total sentence imposed following the entry of his unconditional guilty plea to one count importation of 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 952(a) and 960(b)(2)(B), and one count possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(ii).  On appeal, Lormil argues the district court clearly erred in failing to grant him a two-level "minor role reduction" under U.S.S.G. § 3B1.2(b), because he was a minor player in the importation scheme who "did none of the planning, arranging, purchasing, or packing of the drugs" and did not have an equity interest in the drugs.  After a review of the record and the parties' briefs on appeal, we affirm.

## I.

The facts of this case are as follows.  Lormil was stopped by Customs and Border Patrol (CBP) after disembarking a flight from Haiti to Miami, Florida.  While examining his luggage, CBP officers discovered cocaine hidden in a false lining of his suitcase.  The cocaine was seized, and a Drug Enforcement laboratory report determined that the net weight of the cocaine amounted to 2.515 kilograms.  Lormil was arrested and subsequently interviewed by Homeland Security Investigation officers.

Lormil told the investigators that he made a living by selling American products in Haiti and regularly traveled between the two countries.  On this particular trip, a Haitian woman by the name of Philemon, who Lormil had known for fifteen years, gave him a suitcase and asked him to deliver it to a Haitian man named Enoch, who was located in West Palm Beach.  Lormil further stated he had known Enoch for eleven years.  Lormil told the officers that he looked in the suitcase after he received it but only saw clothes; he did not know the bag contained cocaine.

Lormil eventually pleaded guilty and prior to sentencing, objected to the Presentence Investigation Report because, pursuant to U.S.S.G. § 3B1.2, he argued that he deserved a reduction for his role in the offense because he was a minor player.  He renewed this objection at sentencing.  The district court overruled his objection and sentenced Lormil to 42 months' imprisonment.

## II.

The district court's determination of a defendant's role in the offense is a finding of fact we review for clear error.  *United States v. DeVaron*, 175 F.3d 930, 945 (11th Cir. 1999) (en banc).  The district court has "considerable discretion in making this fact-intensive determination."  *United States v. Boyd*, 291 F.3d 1274, 1277–78 (11th Cir. 2002).  "If the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not

reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573–74, 105 S. Ct. 1504, 1511 (1985).

The sentencing guidelines provide a "range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant." U.S.S.G. § 3B1.2, comment. (n.3(A)). A two-level reduction for a minor role is warranted for a defendant "who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, comment. (n.5).

The proponent of a downward adjustment "always bears the burden of proving a mitigating role in the offense by a preponderance of the evidence." *De Varon*, 175 F.3d at 939. The court continued:

> We do not create a presumption that drug couriers are never minor or minimal participants, any more than that they are always minor or minimal. Rather, we hold only that the district court must assess all of the facts probative of the defendant's role in her relevant conduct in evaluating the defendant's role in the offense.

*Id.* at 943. In determining whether someone is entitled to the minor role adjustment, the court "must measure the defendant's role against the relevant conduct for which she was held accountable at sentencing," utilizing a non-exhaustive list of indicia including the "*amount of drugs*, fair market value of drugs, amount of money to be paid to the courier, equity interest in the drugs, role

4

in planning the criminal scheme, and role in the distribution." *Id*. at 945 (emphasis added).  In some cases, the drug quantity alone can be dispositive. *Id.* at 943.

## III.

Here, Lormil has failed to meet his burden of showing his minor role by a preponderance of the evidence because he presented no evidence other than his own uncorroborated story casting himself as a mere courier.  While it is true that he offered the names of the alleged leaders, federal agents were never able to contact or locate them.  Furthermore, the large amount of cocaine Lormil smuggled within his suitcase coupled with its high street value satisfy several of the *DeVaron* factors, and we are required to give great deference to the district court's balancing of those factors.  *See id.* at 945.  Accordingly, the judgment of the district court is

**AFFIRMED.**