[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-13572

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

KIZZY SOLOMON,
a.k.a. Kizzy Andrews,

Defendant-Appellant.

—————————————

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 1:18-cr-00058-LAG-TQL-2

—————————————

Before JILL PRYOR, BRANCH and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Kizzy Solomon appeals the district court's imposition of a 30-month sentence following her conviction for knowing possession and training of a dog for the purpose of having the dog participate in an animal fighting venture, in violation of 7 U.S.C. § 2156(b) and 18 U.S.C. §§ 49 and 2. Solomon, along with many other individuals, was charged in an indictment that arose from an animal fighting venture, alleged to have been orchestrated by Leslie Meyers. Solomon argues that the district court clearly erred when it refused to grant a two-level mitigating role reduction based on her role in the conduct for which she was held accountable. After reviewing the record and reading the parties' briefs, we affirm the district court's imposition of Solomon's 30-month sentence.

## I.

"We review a district court's denial of a role reduction for clear error." *United States v. Cruickshank*, 837 F.3d 1182, 1192 (11th Cir. 2016). The defendant bears the burden of establishing,

by a preponderance of the evidence, her mitigating role in the offense. *Id.*

The district court has considerable discretion in making this fact-intensive determination. *United States v. Boyd*, 291 F.3d 1274, 1277-78 (11th Cir. 2002). "The district court's choice between two permissible views of the evidence as to the defendant's role in the offense will rarely constitute clear error so long as the basis of the trial court's decision is supported by the record and does not involve a misapplication of a rule of law." *Cruickshank*, 837 F.3d at 1192 (internal quotation marks and alterations omitted). The defendant bears the burden of establishing her minor role in the offense by a preponderance of the evidence. *Id.* Although we urge district courts to clarify their ultimate factual findings as specifically as possible, we have held that a district court is not required to make any specific findings other than the ultimate determination of the defendant's role in the offense. *United States v. De Varon*, 175 F.3d 930, 940 (11th Cir. 1999) (*en banc*). A simple statement of the district court's conclusion is sufficient if the district court's decision is supported by the record and the court clearly resolves any disputed factual issues. *Id.* at 939.

## II.

A mitigating role reduction can result in a two-to four-level reduction in a defendant's offense level. U.S.S.G. § 3B1.2. A four-level reduction is accorded to minimal participants. *Id.* § 3B1.2(a). A minimal participant is one who plays a minimal role in the criminal activity and "covers defendants who are plainly

among the least culpable of those involved in the conduct of the group." *Id.* § 3B1.2, comment. (n.4). Further, a defendant's "lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as a minimal participant." *Id.* Similarly, minor participants are accorded a two-level reduction. *Id.* § 3B1.2(b). A minor participant is one who is less culpable than most other participants in the criminal activity, but whose role was not minimal. *Id.*, comment. (n.5). A three-level reduction is accorded to defendants whose role falls between minimal and minor. *Id.*

In determining whether a mitigating role reduction applies, the district court must consider 1) the defendant's role in the relevant conduct for which she has been held accountable at sentencing and 2) her role as compared to that of other participants in her relevant conduct. *De Varon*, 175 F.3d at 940. In determining the defendant's role, first, the district court must measure the defendant's role against the relevant conduct for which she has been held accountable. *Id.* at 945. "In other words, the district court must assess whether the defendant is a minor or minimal participant in relation to the relevant conduct attributed to the defendant in calculating her base offense level." *Id.* at 941.

Regarding the second prong, the district court should look at other participants to the extent that they are identifiable or discernable from the evidence and were involved in the relevant conduct attributed to the defendant. *United States v. Moran*, 778 F.3d 942, 980 (11th Cir. 2015). The district court must measure the

defendant's role against these other discernable participants in the relevant conduct. *De Varon*, 175 F.3d at 944–45. However, it is only those participants who were involved in the relevant conduct attributed to the defendant who are relevant to this inquiry. *United States v. Martin*, 803 F.3d 581, 591 (11th Cir. 2015). Even if a defendant played a lesser role than the other participants, that fact does not entitle her to a role reduction since it is possible that none are minor or minimal participants. *Id.*

A court's decision to apply a mitigating role reduction is a fact-intensive inquiry that requires the court to consider the totality of the circumstances. *United States v. Presendieu*, 880 F.3d 1228, 1250 (11th Cir. 2018). The sentencing court should consider a non-exhaustive list of factors including: (1) the defendant's degree of understanding of the structure and scope of the criminal activity; (2) the defendant's degree of participation in the organization and planning of the criminal activity; (3) the defendant's degree of decision-making authority or influence over the decision-making authority; (4) the defendant's nature and extent of participation in the criminal activity, including her actions and her responsibility and discretion in performing those actions; and (5) how much the defendant "stood to benefit" from the activity. *Id.* at 1249-50; U.S.S.G. § 3B1.2, comment. (n.3(C)).

## III.

The record demonstrates that the district court did not clearly err by refusing to grant Solomon a minor role reduction. The district court correctly determined Solomon's relevant

conduct, assessing only the charges for which she was convicted, rather than measuring her conduct against the other defendants charged in the indictment for different criminal offenses. *See De Varon*, 175 F.3d at 945 (stating that the judge must measure the defendant's role against the relevant conduct for which she was held accountable at sentencing). Solomon was not charged in a conspiracy to violate the Animal Welfare Act, nor was she charged with sponsoring or exhibiting an animal in or attending an animal fighting venture, like the other defendants. Thus, the district court properly defined the relevant conduct as the possession and training of dogs for participation in an animal fighting venture, the offense for which Solomon and Meyers were charged. The district court limited its factual assessment of Solomon's role in the offense to her conduct and the conduct of co-defendant Meyers, and based on this factual assessment, correctly determined that Solomon's relevant conduct was not minor. As such, contrary to Solomon's contention, the district court did not have to undertake the second step analysis identified in *De Varon* because that step is discretionary. *See id.*

Furthermore, the record demonstrates that the district court properly considered the totality of the circumstances in finding that Solomon's role in the offense was not that of a minor participant. The trial evidence showed that Solomon knew Meyers was engaged in dog fighting ventures and that she assisted him in several ways. She helped Meyers take two pit bull-type dogs to Americus, Georgia, where Meyers placed one of the dogs in a dog fight that

authorities raided.  One year later, Solomon purchased rural property and allowed Meyers to kennel nearly 30 dogs there.  When questioned by animal control officers about the dogs, Solomon claimed she owned them. After the visit from the animal control officers, Solomon made no effort to abate the horrid conditions in which these dogs lived.  Solomon denied knowing of evidence in her home that was utilized in the dog fighting business.  The jury apparently did not believe her because it returned a guilty verdict. In addition, evidence showed that Solomon took Western Union money orders for Meyers after Western Union refused service to Meyers due to suspicious activity.

Accordingly, for the aforementioned reasons, we conclude that the district court did not clearly err in denying Solomon a sentence reduction because her role in the relevant conduct for which she participated was not minimal. We affirm the district court's imposition of Solomon's 30-month sentence.

**AFFIRMED.**